# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated, | ) ) ) ) ) | | |
| Plaintiffs, | ) ) | Case Nos.: | 7:17-CV-00189-D |
| v. | ) ) | | 7:17-CV-00197-D |
| | ) | | 7:17-CV-00201-D |
| E.I. DU PONT DE NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC, | ) ) ) ) | | |
| Defendants. | ) ) | | |

| | | | |
|---|---|---|---|
| CAPE FEAR PUBLIC UTILITY AUTHORITY, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | Case No.: | 7:17-CV-00195-D |
| THE CHEMOURS COMPANY FC, LLC, et al., | ) ) ) | | |
| Defendants. | ) ) | | |

| | | | |
|---|---|---|---|
| BRUNSWICK COUNTY, a governmental entity, | ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | Case No.: | 7:17-CV-00209-D |
| DOWDUPONT, INC., et al., | ) ) ) | | |
| Defendants. | ) ) | | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' JOINT MOTION FOR A STATUS CONFERENCE**

Pursuant to Local Civil Rules 7.1(f) and 7.2, Defendants E.I. Du Pont de Nemours and Company, The Chemours Company FC, LLC, and The Chemours Company (collectively, "Defendants") submit this Response to Plaintiffs' Joint Motion for a Status Conference.

Plaintiffs cite two reasons why a Rule 16 status conference should be held at this time. First, Plaintiffs claim that the Court should be updated on the status of the Proposed Consent Order between the North Carolina Department of Environmental Quality and The Chemours Company FC, LLC. However, the Proposed Consent Order has not been entered, and Plaintiffs' motion does not identify any significant developments with regard to the Proposed Consent Order that need to be presented to the Court at this time. Further, even if the Proposed Consent Order is finalized and entered, the parties can brief the issue to the Court without the need for a status conference.

Second, Plaintiffs argue that a Rule 16 status conference would be helpful in advancing the case because there are currently motions pending before the Court, including Defendants' Motion to Dismiss and Plaintiffs' Joint Motion to Compel a Discovery Conference. However, the Court already declined Plaintiffs' previous request for a Rule 26(f) conference, holding that Defendants' pending, potentially dispositive Rule 12 motions should first be resolved. Because Defendants' Rule 12 motions remain pending, Defendants respectfully submit that a Rule 16 status conference is premature and that judicial economy would be better served by convening after the Court has ruled on Defendants' motions and the parameters of these cases have been more fully delineated.

As noted above, the issue of whether a Rule 26(f) conference should be held before this Court has ruled on Defendants' motions to dismiss has already been briefed and decided by this Court. The analysis regarding a request for a Rule 16 conference should be no different. On December 15, 2017, Plaintiffs filed a motion for limited expedited discovery to obtain sampling

on Chemours' Fayetteville Works facility.  [*Carey* D.E. 34].  Defendants filed their opposition on December 29, 2017.  [*Carey* D.E. 36].

On April 18, 2018, Plaintiffs filed a motion to compel a Rule 26(f) conference.  [*Carey* D.E. 64].  Defendants filed their opposition on April 20, 2018.  [*Carey* D.E. 65].  In that opposition, Defendants set forth that, consistent with the Court's practice and Local Rules, a Rule 26(f) conference should take place only after the Court has ruled on Defendants' motions to dismiss all of Plaintiffs' claims, or in the alternative, stay the cases pursuant to the doctrine of primary jurisdiction.  [*Carey* D.E. 65 at pg. 2].  On May 3, 2018, Plaintiffs filed a motion for a status conference to discuss the expedited discovery and the "parties' competing positions on a Rule 26(f) conference." [*Carey* D.E. 67].

The Court scheduled a status conference for May 25, 2018.  The Court heard argument on Plaintiffs' request for a Rule 26(f) conference but ruled that a Rule 26(f) conference was not necessary while Defendants' motions to dismiss remained pending.  Notwithstanding this Court's ruling, Plaintiffs filed yet another motion to compel on December 19, 2018.  Defendants filed their opposition on January 2, 2019.  [*Carey* D.E. 94].

Plaintiffs now ask this Court for a Rule 16 status conference to address these same issues. But, a status conference at this juncture will simply waste judicial and party resources, as it will cover the same matters that were already fully briefed by the parties and resolved at the May 25, 2018 status conference.

Because Plaintiffs have identified no reason for this Court to schedule a status conference, Defendants respectfully request that this Court deny Plaintiffs' Joint Motion for a Status Conference.

This 6th day of February, 2019.

/s/ John K. Sherk III
CA State Bar. No. 295838
SHOOK, HARDY AND BACON, LLP
One Montgomery, Suite 2700
San Francisco, CA 94104
Phone: 415-544-1900
Fax: 415-391-0281
jsherk@shb.com

Kenneth J. Reilly
FL State Bar No. 157082
SHOOK, HARDY AND BACON, LLP
201 S. Biscayne Blvd
3200 Miami Center
Miami, FL 33131
Phone: 305-960-6907
Fax: 305-385-7470
kreilly@shb.com

Mark D. Anstoetter
MO State Bar No. 47638
SHOOK, HARDY AND BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
Phone: 816-474-6550
Fax: 816-421-5547
manstoetter@shb.com

/s/ Stephen D. Feldman
Jonathan D. Sasser
N.C. State Bar No. 10028
Stephen D. Feldman
N.C. State Bar. No. 34940
ELLIS &WINTERS LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Phone: 919-865-7005
Fax: 919-865-7010
Stephen.Feldman@elliswinters.com

Counsel for Defendants

4

**CERTIFICATE OF SERVICE**

I hereby certify that the undersigned electronically filed the foregoing document with the Clerk of the Court using the ECF system on February 6, 2019, which will send electronic notification of such filing to all counsel of record.

/s/ John K. Sherk, III
Attorney for Defendants