IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-189-D, 7:17-CV-197-D, 7:17-CV-201-D

VICTORIA CAREY, MARIE BURRIS, )
MICHAEL KISER, and BRENT NIX, )
individually and on behalf of all others )
similarly situated, )
)
                        Plaintiffs, )
)
                 v. )      **ORDER FOR DISCOVERY PLAN**
)
E. I. DU PONT DE NEMOURS AND )
COMPANY, and THE CHEMOURS )
COMPANY FC, LLC, )
)
                       Defendants. )

      Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will enter a scheduling order in this case. **The Rule 26(f) meeting must occur by 5/24/2019.** The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference and for attempting in good faith to agree on the proposed discovery plan. **The discovery plan must be submitted to the Court within fourteen days after the 26(f) meeting.**

      Please confer with opposing counsel and present to the Court a discovery plan in accordance with the Rule 26 Report of the Parties' Planning Meeting form, available on the district's website. Pursuant to Rule 16(b), the planning meeting required by Fed. R. Civ. P. 26(f) and the discovery plan contemplated by this request are a mandatory part of the process of formulating a scheduling order. If counsel cannot agree on a discovery plan, please submit your respective positions to the Clerk of Court, and the Court will resolve the disputed issues. Following Court approval, modifications of the scheduling order will be allowed only by motion and for good cause shown.

      **Mandatory initial disclosures must be made within fourteen days after the Rule 26(f) conference** unless (1) a different time is set by stipulation of parties or court order, or (2) a party objects during the 26(f) conference and states the objection and the response thereto in the discovery plan. Absent a stipulation or court order, any party first served or otherwise joined after the 26(f) conference must make these disclosures within 30 days after being served or joined. Failure to disclose information required by Rule 26(a) or 26(e)(1) may subject the offending party or parties to sanctions pursuant to Rule 37, Fed. R. Civ. P.

      Note that Local Rule 7.1 requires that all motions (except those relating to the admissibility of evidence at trial) must be filed within 30 days after the conclusion of discovery. Untimely motions

may be summarily denied. Also, note that cases in which no dispositive motions are made are currently being docketed for trial 60 to 90 days after discovery expires with a final pretrial conference scheduled approximately two weeks before trial.

**This district now mandates mediation, pursuant to Local ADR Rule 101, for civil cases in specified categories.** Refer to Local ADR Rule 101.1a and other relevant rules to determine the applicability of the mediation requirement to this case. **The parties in cases subject to mandatory mediation must discuss mediation plans at the 26(f) conference and report their plans in the discovery plan, pursuant to Local ADR Rule 101.1a(b).**

As discussed at the status conference held on April 25, 2019, Defendants shall have until May 24, 2019, to Answer the Consolidated Class Action Complaint [D.E. 53].

The above-captioned civil cases hereby are CONSOLIDATED into the lead case, Nix v. The Chemours Company FC, LLC, et al., No. 7:17-CV-189-D. Future pleadings, motions, and orders shall be filed only in case number 7:17-CV-189-D, but shall carry the captions and case numbers of all cases, and shall be deemed as having been filed separately in each case.

SO ORDERED. This 26 day of April 2019.

*/s/ Dever*
JAMES C. DEVER III
United States District Judge

2

Case 7:17-cv-00189-D   Document 111   Filed 04/26/19   Page 2 of 2