IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company FC, LLC**, et al. <br><br> Defendants. | **No. 7:17-CV-00189-D** |
| **Roger Morton**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company**, et al. <br><br> Defendants. | **No. 7:17-CV-00197-D** |
| **Victoria Carey**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **E.I. Du Pont De Nemours and Company**, et al. <br><br> Defendants. | **No. 7:17-CV-00201-D** |

**Order Setting Status Conferences**

At the request of the parties, the court has agreed to hold regular status conferences in these cases to address issues that may arise between the parties. This order will set the status conferences and outline the procedures for the status conferences.

Therefore, it is ordered that:

1. **Scheduling of Status Conferences**

    a. The court will hold in-person status conferences approximately every five to six weeks. The court will also conduct a telephonic status conference between the in-person status conferences.

    b. The date and time for the next telephonic and in-person status conferences will be set at the conclusion of each in-person status conference.

    c. The location of each in-person status conference shall be the Terry Sanford Federal Building and Courthouse in Raleigh, North Carolina. The courtroom for the hearing will be determined on the day of the hearing.

    d. The Clerk of Court will provide call-in information to counsel prior to each telephonic status conference.

2. **Planning for Status Conferences and Pre-Conference Submissions**

    a. Between status conferences, counsel shall confer about any disputes or other issues regarding discovery or scheduling. Counsel shall discuss any items to be included in the agenda for the upcoming status conferences, including:

        i. The issues each party anticipates addressing at the next status conference;

        ii. Progress made in discovery since the last status conference;

        iii. Any unresolved discovery disputes;

        iv. Any discovery dispute either party anticipates may develop in the future;

        v. Any other matter that is impeding or may in the future impede discovery; and

      vi. any other matter regarding discovery or scheduling that either party wishes to bring to the court's attention.

  b. No later than 72 hours before the status conference, the parties shall jointly submit an agenda outlining the issues that need to be addressed at the next status conference.

  c. Parties must submit the agenda in PDF format to Documents_USMJ_Numbers @nced.uscourts.gov. Plaintiffs' counsel shall be responsible for submitting the agenda unless the parties agree otherwise.

  d. The agenda should include a brief summary of the issues the court will need to address for each topic. The parties may set out a brief statement of their positions on any disputed issues.

  e. It is unlikely that the court will consider matters at a status conference that are not included in its agenda.

  f. If the parties do not believe a particular status conference is necessary and should be cancelled, they shall notify Judge Numbers's case manager as soon as possible before the conference.

  g. Any conferral provided for herein may be in writing, but in that event, counsel shall make themselves available for follow-up conferral by telephone or in person as promptly as practicable after the conferral in writing. In their conferrals, counsel shall make a good faith effort to resolve the disputes or other issues involved without court intervention.

**3. Expedited Review of Disputes Over Written Discovery**

  a. If a party ("moving party") believes in good faith that

      i. An impasse has been reached in efforts to resolve a discovery dispute without court intervention;

     ii. That court consideration of the dispute cannot appropriately wait until the next biweekly status conference; and

    iii. That the court can appropriately rule on the dispute in a telephone conference with counsel of no more than 30 minutes,

the moving party may give written notice to the opposing party that it intends to invoke the expedited procedure provided for herein.

b. After providing written notice, the moving party is authorized file a legal memorandum, in the form prescribed by Local Civil Rule 10.1, E.D.N.C., clearly stating the specific issue or issues facing the parties, the specific relief requested, and the factual and legal basis for such relief. The memorandum shall be no more than three pages in length, excluding the certificate of service page and any exhibits.

c. The memorandum shall contain a certification by the moving party's counsel

      i. That they have conferred in good faith with opposing counsel, by telephone or in person, to resolve the dispute without court intervention;

     ii. That they believe in good faith that these efforts have reached an impasse and that the court can appropriately rule on the dispute using the expedited procedure provided for in this order; and

    iii. That court consideration of the dispute cannot appropriately wait until the next biweekly status conference.

This certification will not count towards the page limit described above.

d. A party opposing the relief sought by the moving party may file a responsive memorandum within two business days after the filing of the moving party's memorandum.

   i. The responsive memorandum shall conform to the same requirements as to form, length, and, except for the specified certification, content that apply to the moving party's memorandum.

   ii. In addition, the responsive memorandum may include an objection that the issue or issues in dispute require application of the regular procedures under the Local Civil Rules for discovery motions or that counsel for the parties have not exhausted efforts to resolve the dispute without court intervention.

e. Promptly after the filing of the responsive memorandum, the parties shall jointly contact the undersigned's chambers to arrange a date and time for a telephone conference on the matter. The subject matter of the telephone conference shall be limited to the issue or issues presented in the memoranda provided for herein. The parties shall cooperate in scheduling the telephone conference as soon as practicable.

f. If the court determines that the issue or issues cannot appropriately be resolved through the telephone conference, it may require further consultation among the parties, require further written submissions, take the matter under advisement, or take other action that it deems appropriate. Unless otherwise noted, the parties should assume the court will record all telephone conferences in accordance with its customary practice.

g. The foregoing procedures in this paragraph shall apply if the parties agree that the issue or issues in dispute should be heard in-person instead of over the telephone.

Dated: February 4, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge