IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company FC, LLC**, et al. <br><br> Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company**, et al. <br><br> Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **E.I. Du Pont De Nemours and Company**, et al. <br><br> Defendants. | No. 7:17-CV-00201-D |

**Order After Status Conference**

The court held a status conference in these matters on April 9, 2020. After the conference, the court orders as follows:

1. Plaintiffs' request to compel production of the unredacted TCSA report is denied. After reviewing the unredacted report, the court finds that its redacted contents are not relevant to any party's claims or defenses.

2. Plaintiffs' motion to compel (D.E. 195) is granted in part and denied in part.

    a. Defendants shall supplement their response to Interrogatory 2 in Plaintiffs' Second Set of Interrogatories to explain how the PFAS levels referred to in the interrogatory were arrived at. If Defendants relied on studies that show the minimum level of a PFAS that can cause harm to humans, they shall identify those studies. Defendants' response should also include an explanation of the negotiation process with NC DEQ that led to selection of the specified levels.

    b. Defendants shall supplement their response to Request for Production 38 as appropriate based on their supplemental response to Interrogatory 2.

    c. Defendants shall supplement their response to Request for Production 39. To the extent that they have responsive documents in their possession, custody, or control, Defendants shall provide the requested documents related to depositions given in the actions listed in the request by the specified individuals. Defendants do not need to produce documents for any other individuals or from any other actions in response to this request at this time.

    d. With respect to Request for Production 40, Plaintiffs shall make a good faith attempt to obtain the requested documents from the public docket of the specified actions. If they are unable to do so in whole or in part, they shall notify the Defendants, who shall produce responsive documents within 21 days from the date

they receive notification from Plaintiffs. Defendants do not need to produce documents for any other actions in response to this request at this time.

　　e. Unless otherwise specified above, the supplemental responses shall be served within 21 days from the date of this order. If a Defendant needs an extension of time to serve responsive documents, they should confer with Plaintiffs about the needed extension. If the parties are unable to agree on an extension, the party seeking an extension should notify Judge Numbers's case manager and he will set a telephonic hearing to address the matter. Considering the difficulties posed by the current public health crisis, the parties should agree to a reasonable request for an extension absent a compelling reason or bad faith on the part of the requesting party.

3. The next status conference will take place on April 30, 2020 at 2:00 p.m. The conference will take place by telephone. The Clerk of Court shall provide the parties with the call-in information.
4. Each party shall bear their own costs incurred in connection with these matters.

Dated: April 10, 2020

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge