# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY,  and MICHAEL E. JOHNSON,<br><br>       Defendant. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and  on behalf of all others similarly situated,<br>       Plaintiff,<br>   v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON;<br><br>       Defendants. | Civil Action No. 7:17-cv-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>E.I. DUPONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC,<br><br>       Defendants. | Civil Action No. 7:17-CV-00201-D |

<u>**DEFENDANT E.I. DUPONT DE NEMOURS AND COMPANY'S ANSWER TO**</u>
<u>**FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**</u>

Defendant E.I. DuPont de Nemours and Company ("DuPont" or "Defendant") for its Answer to Plaintiffs' First Amended Consolidated Class Action Complaint ("Complaint"), states and alleges that unless otherwise answered or addressed in this Answer, each and every allegation in Plaintiffs' Complaint is denied. Defendant further alleges as follows:

## I. <u>Introductory Statement</u>

1. To the extent that the allegations in paragraph 1 relate to company other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. As to the allegations in paragraph 1 that may be construed as relating to Defendant, Defendant denies all such allegations.

2. To the extent that the allegations in paragraph 2 relate to individuals other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. Paragraph 2 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 2 that mischaracterizes such documents and/or reports, or takes them out of context. Defendant further alleges that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 2, and therefore denies the same.

3. To the extent that the allegations in paragraph 3 relate to individuals other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. Defendant further alleges that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 3, and therefore denies the same.

4. To the extent that the allegations in paragraph 4 relate to individuals other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant.

Paragraph 4 appears to characterize U.S. Census Data to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 4 that mischaracterizes U.S. Census Data or takes it out of context. As to the allegations in paragraph 4 that may be construed as relating to Defendant, Defendant denies all such allegations.

5. To the extent that the allegations in paragraph 5 relate to a company other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. Defendant states that paragraph 5 contains conclusions of law to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 5, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. Defendant denies any remaining allegations and characterizations in paragraph 5 of the complaint.

6. To the extent that the allegations in paragraph 6 relate to a company other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. Defendant states that paragraph 6 contains conclusions of law to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 6, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. Defendant denies any remaining allegations and characterizations in paragraph 6 of the complaint.

## II. Jurisdiction and Venue

7. Paragraph 7 contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

8.     To the extent that the allegations in paragraph 8 relate to a company other than Defendant, and are thus not directed to Defendant, they do not require a response from Defendant. Paragraph 8 contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 8 of the complaint.

9.     Paragraph 9 contains conclusions of law to which no response is required from Defendant. Defendant respectfully refers all questions of law to the Court for determination.

**III.     Parties**

**A. Plaintiffs**

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 10 and therefore denies the same.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 11 and therefore denies the same.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 12 and therefore denies the same.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13 and therefore denies the same.

**B. Defendants**

14.     Responding to allegations in paragraph 14 of the complaint, Defendant admits only that DuPont is and has been a corporation with its principal place of business in Wilmington, Delaware; that it is and has been registered to do business in the State of North Carolina; and that it owned and operated Fayetteville Works until July 1, 2015. Defendant admits it continues to

operate in a limited capacity at Fayetteville Works. Further responding, Defendant denies any remaining allegations and characterizations in paragraph 14 of the complaint.

15. To the extent paragraph 15 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. As to the allegations in paragraph 15 that may be construed as relating to Defendant, Defendant denies all such allegations.

## IV.   Statement of Facts

### A. Fayetteville Works

16. To the extent paragraph 16 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Defendant admits Fayetteville Works spans approximately 2,177 acres. Defendant further admits it has had the following manufacturing areas at Fayetteville Works: (i) fluoromonomers/Nafion; (ii) polymer processing aid; (iii) Butacite; (iv) SentryGlas; and (v) polyvinyl fluoride. Further responding, Defendant denies any remaining allegations and characterizations in paragraph 16 of the complaint.

17. To the extent paragraph 17 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Further responding, Defendant denies any remaining allegations and characterizations in paragraph 17 of the complaint.

18. To the extent paragraph 18 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Defendant admits Fayetteville Works operates under NPDES permit(s). To the extent paragraph 18 references a certain NPDES permit, Defendant

refers Plaintiffs to the referenced permit within the appropriate context. Defendant denies any statement or allegation in paragraph 18 that mischaracterizes the referenced NPDES permit or takes it out of context.

**B. The Pollutants: GenX and other PFCs**

19.    Responding to paragraph 19 of the complaint, Defendant admits only that PFCs may be used in manufacturing Teflon. Defendant denies the remaining allegations in paragraph 19 as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

20.    To the extent paragraph 20 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 20 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 20 of the complaint.

21.    Responding to paragraph 21 of the complaint, Defendant states that paragraph 21 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 21 of the complaint.

22.    Paragraph 22 appears to characterize health advisory levels to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 22 that mischaracterizes health advisory levels or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 22 concerns complex scientific and technical matters, which are properly the subject of expert testimony.

Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 22 of the complaint.

23.     To the extent paragraph 23 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 23 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. To the extent paragraph 23 references unidentified documents and/or reports, Defendant refers Plaintiffs to those documents and/or reports within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 23 that mischaracterizes such documents and/or reports, or takes them out of context. Defendant expressly reserves the right to challenge the accuracy, authenticity, and/or admissibility of any statements and documents, as well as any attempt to attribute statements made therein to Defendant. Defendant denies the remaining allegations and characterizations in paragraph 23 of the complaint.

24.     Responding to paragraph 24 of the complaint, Defendant states that paragraph 24 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 24 of the complaint.

25.     Responding to paragraph 25 of the complaint, Defendant states that paragraph 25 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 25 of the complaint.

**C.  Defendants Conceal the Harmful Effects of GenX and Related Contaminants**

26.     Responding to the allegations in paragraph 26 of the complaint, Defendant admits only that in approximately 1951, DuPont began purchasing certain PFOA products. Defendant denies the remaining allegations in paragraph 26 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony. To the extent paragraph 26 appears to characterize studies, Defendant refers Plaintiff to those studies within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 26 that mischaracterizes the studies or takes it out of context. Defendant denies the remaining allegations and characterizations in paragraph 26 of the complaint.

27.     Responding to the allegations in paragraph 27 of the complaint, Defendant states that paragraph 27 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 27 of the complaint.

**1.  DuPont's History with PFOA**

28.     Defendant denies the allegations and characterizations in paragraph 28 of the complaint.

29.     To the extent paragraph 29 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 29 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 29 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 29 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that

basis. Defendant denies the remaining allegations and characterizations in paragraph 29 of the complaint.

30. To the extent paragraph 30 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 30 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 30 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 30 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 30 of the complaint.

31. To the extent paragraph 31 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 31 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 31 of the complaint.

32. To the extent paragraph 32 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 32 concerns complex scientific and technical matters, which are

properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 32 of the complaint.

33. Responding to the allegations in paragraph 33 of the complaint, Defendant states that paragraph 33 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 33 of the complaint.

34. To the extent paragraph 34 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 34 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 34 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant admits only that 3M notified DuPont in 1978 that some employees occupationally exposed to some of 3M's fluorinated surfactant compounds showed an increased level of organic fluorinated compounds in their blood, although DuPont was also informed that no adverse health effects were detected among those employees. Defendant expressly denies any statement or allegation in paragraph 34 that mischaracterizes or takes out of context any communication or lack of communication with public or government regulators. Defendant denies the remaining allegations and characterizations in paragraph 34 of the complaint.

35. To the extent paragraph 35 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 35 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant

expressly denies any statement or allegation in paragraph 35 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 35 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 35 of the complaint.

36. To the extent paragraph 36 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 36 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 36 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 36 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 36 of the complaint.

37. Paragraph 37 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 37 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 37 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 37 of the complaint.

38. Paragraph 38 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any

statement or allegation in paragraph 38 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 38 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. DuPont admits that for a brief period, it removed female workers from jobs that caused PFOA exposure before receiving additional data and studies. Defendant denies the remaining allegations and characterizations in paragraph 38 of the complaint.

39. To the extent paragraph 39 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 39 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 39 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 39 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 39 of the complaint.

40. To the extent paragraph 40 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 40 appears to quote and characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 40 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to

Defendant, Defendant states that paragraph 40 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 40 of the complaint.

41. To the extent paragraph 41 relates to individuals or entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 41 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 41 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 41 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 41 of the complaint.

42. To the extent paragraph 42 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 42 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 42 of the complaint.

43. To the extent paragraph 43 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 43 appears to quote and characterize certain

documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 43 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 43 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 43 of the complaint.

44. To the extent paragraph 44 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 44 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 44 of the complaint.

45. Responding to the allegations in paragraph 45 of the complaint, Defendant states that paragraph 45 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 45 of the complaint.

46. Paragraph 46 appears to characterize the NPDES permit and/or application to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 46 that mischaracterizes the NPDES permit and/or application, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 46 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that

basis.  Defendant denies the remaining allegations and characterizations in paragraph 46 of the complaint.

47.     To the extent paragraph 47 of the complaint references a certain NPDES permit or application, Defendant states that the references permit or application speaks for itself within the appropriate context.  Defendant denies any statement or allegation in paragraph 47 that mischaracterizes the referenced NPDES permit or application or takes it out of context.  Defendant admits that it produced APFO at Fayetteville Works beginning in approximately 2002.  Defendant denies the remaining allegations and characterizations in paragraph 47 of the complaint.

48.     To the extent paragraph 48 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  To the extent paragraph 48 of the complaint references a certain NPDES permit or application, Defendant states that the references permit or application speaks for itself within the appropriate context.  Defendant denies any statement or allegation in paragraph 48 that mischaracterizes the referenced NPDES permit or application or takes it out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 48 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 48 of the complaint.

49.     To the extent paragraph 49 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  To the extent paragraph 49 of the complaint references a certain NPDES permit or application, Defendant states that the references permit or application speaks for itself within the appropriate context.  Defendant denies

any statement or allegation in paragraph 49 that mischaracterizes the referenced NPDES permit or application or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 49 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 49 of the complaint.

50. To the extent paragraph 50 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 50 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 50 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 50 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 50 of the complaint.

51. Responding to the allegations in paragraph 51 of the complaint, Defendant admits only that a "C8 Health Project" was established under a class action settlement made "Probable Link" determinations related to the trace presence in drinking water of one specific PFAS which were applicably to a class of residents near Washington, West Virginia covered by the class action settlement. The determinations applicable to this West Virginia class were made in accordance with and subject to the specific terms, scope, and standard set forth in a class action settlement agreement reached in 2004 and approved by the Wood County Circuit Court in West Virginia in 2005. That class action settlement defines "Probable Link" among other terms and conditions of

the settlement agreement. Defendant denies the remaining allegations and characterizations in paragraph 51 of the complaint as incomplete and/or incorrect statements of complex scientific and technical matters, which are properly the subject of expert testimony.

52. To the extent paragraph 52 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 52 appears to characterize certain documents and/or studies to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 52 that mischaracterizes such documents and/or studies, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 52 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 52 of the complaint.

53. Defendant denies the allegations and characterizations in paragraph 53 of the complaint.

54. To the extent paragraph 54 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 54 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 54 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 54 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such

allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 54 of the complaint.

### 2. DuPont's History with GenX and other PFCs

55. To the extent paragraph 55 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 55 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 55 of the complaint.

56. To the extent paragraph 56 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 56 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 56 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 56 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 56 of the complaint.

57. To the extent paragraph 57 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 57 appears to

characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 54 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 57 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 57 of the complaint.

58.     To the extent paragraph 58 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent the allegations relate to Defendant, Defendant states that paragraph 58 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 58 of the complaint.

59.     To the extent paragraph 59 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Defendant admits only that it entered into a Consent Order in 2009, which speaks for itself in the appropriate context. Defendant expressly denies any statement or allegation in paragraph 59 that mischaracterizes the Consent Order, or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 59 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that

basis. Defendant denies the remaining allegations and characterizations in paragraph 59 of the complaint.

60. To the extent paragraph 60 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 60 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 60 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 60 concerns complex scientific, regulatory, and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 60 of the complaint.

61. To the extent paragraph 61 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 61 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 61 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 61 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 61 of the complaint.

62.     To the extent paragraph 62 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 62 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 62 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 62 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 62 of the complaint.

63.     To the extent paragraph 63 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 63 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 63 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 63 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 63 of the complaint.

64.     To the extent paragraph 64 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 64

appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 64 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 64 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 64 of the complaint.

65.     To the extent paragraph 65 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 65 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 65 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 65 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 65 of the complaint.

66.     To the extent paragraph 66 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 66 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 66 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the

allegations relate to Defendant, Defendant states that paragraph 66 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 66 of the complaint.

67. To the extent paragraph 67 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. To the extent paragraph 67 of the complaint references a certain NPDES permit or application, Defendant states that the references permit or application speaks for itself within the appropriate context. Defendant denies any statement or allegation in paragraph 67 that mischaracterizes the referenced NPDES permit or application or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 67 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 67 of the complaint.

68. To the extent paragraph 68 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 68 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 68 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 68 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such

allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 68 of the complaint.

69. To the extent paragraph 69 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 69 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 69 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 69 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 69 of the complaint.

70. To the extent paragraph 70 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 70 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 70 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 70 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 70 of the complaint.

71.     To the extent paragraph 71 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 71 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 71 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 71 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 71 of the complaint.

72.     To the extent paragraph 72 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 72 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 72 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 72 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 72 of the complaint.

73.     To the extent paragraph 73 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 73 appears to

characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 73 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 73 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 73 of the complaint.

74.     To the extent paragraph 74 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 74 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 74 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 74 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 74 of the complaint.

75.     To the extent paragraph 75 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 75 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 75 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the

allegations relate to Defendant, Defendant states that paragraph 75 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 75 of the complaint.

76. To the extent paragraph 76 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 76 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 76 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 76 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 76 of the complaint.

77. To the extent paragraph 77 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 77 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 77 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 77 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such

allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 77of the complaint.

78. To the extent paragraph 78 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 78 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 78 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 78 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 78 of the complaint.

79. To the extent paragraph 79 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 79 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 79 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 79 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 79 of the complaint.

80. To the extent paragraph 80 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 80 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 80 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 80 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 80 of the complaint.

81. To the extent paragraph 81 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 81 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 81 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 81 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 81 of the complaint.

82. To the extent paragraph 82 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those

allegations, and therefore denies same. Defendant denies the remaining allegations and characterizations in paragraph 82 of the complaint.

83.     To the extent paragraph 83 relates to a company other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 83 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 83 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 83 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 83 of the complaint.

### D.  Defendants' Toxic Discharges to the Cape Fear River and Air Emissions Come to Light

84.     To the extent paragraph 84 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 84 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 84 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 84 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 84 of the complaint.

85.     To the extent paragraph 85 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant admits that Dr. Knappe published a paper on November 10, 2016, to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 85 that mischaracterizes Dr. Knappe's publication, or takes it out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 85 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 85 of the complaint.

86.     To the extent paragraph 86 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 86 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 86 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 86 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 86 of the complaint.

87.     To the extent paragraph 87 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 87

appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 87 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 87 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 87 of the complaint.

88. To the extent paragraph 88 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 88 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 88 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 88 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 88 of the complaint.

89. To the extent paragraph 89 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 89 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 89 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent

the allegations relate to Defendant, Defendant states that paragraph 89 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 89 of the complaint.

90.     To the extent paragraph 90 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant denies the remaining allegations and characterizations in paragraph 90 of the complaint.

91.     To the extent paragraph 91 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  To the extent the allegations relate to Defendant, Defendant states that paragraph 91 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 91 of the complaint.

92.     To the extent paragraph 92 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 92 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 92 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 92 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such

allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 92 of the complaint.

93.     To the extent paragraph 93 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 93 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 93 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 93 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 93 of the complaint.

94.     To the extent paragraph 94 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 94 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 94 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 94 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 94 of the complaint.

95.    To the extent paragraph 95 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 95 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 95 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 95 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 95 of the complaint.

96.    To the extent paragraph 96 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant states that paragraph 96 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 96 of the complaint.

97.    To the extent paragraph 97 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 97 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 97 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 97 concerns complex scientific

and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 97 of the complaint.

98. To the extent paragraph 98 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 98 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 98 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 98 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 98 of the complaint.

99. To the extent paragraph 99 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 99 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 99 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 99 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 99 of the complaint.

100.    To the extent paragraph 100 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant refers Plaintiff to the Notice of Intent within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 100 that mischaracterizes the Notice of Intent, or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 100 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 100 of the complaint.

101.    To the extent paragraph 101 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same Defendant expressly denies any statement or allegation in paragraph 101 that mischaracterizes the Complaint or Motion, or takes it out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 101 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 101 of the complaint.

102.    To the extent paragraph 102 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant expressly denies any statement or allegation in paragraph 102 that mischaracterizes the partial consent order or other documents, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 102 concerns complex scientific and technical matters, which are

properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 102 of the complaint.

103. To the extent paragraph 103 relates to regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 103 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 103 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 103 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 103 of the complaint.

104. To the extent paragraph 104 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 104 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 104 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 104 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 104 of the complaint.

105.    To the extent paragraph 105 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 105 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 105 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 105 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 105 of the complaint.

106.    To the extent paragraph 106 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 106 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 106 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 106 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 106 of the complaint.

107.    To the extent paragraph 107 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 107

appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 107 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 107 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 107 of the complaint.

108. To the extent paragraph 108 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 108 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 108 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 108 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 108 of the complaint.

109. To the extent paragraph 109 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Defendant admits that, in November 2018, the North Carolina State University Center for Human Health and the Environment released preliminary results from a study of blood and urine samples taken from individuals living nearby the Fayetteville Works plant who consumer water from private wells and

from individuals living in New Hanover County. Defendant expressly denies any statement or allegation in paragraph 109 that mischaracterizes the report or other documents, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 109 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 109 of the complaint.

110. To the extent paragraph 110 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Paragraph 110 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context. Defendant expressly denies any statement or allegation in paragraph 110 that mischaracterizes such documents and/or reports, or takes them out of context. To the extent the allegations relate to Defendant, Defendant states that paragraph 110 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 110 of the complaint.

### E. Remediation of Buildup of GenX, Nafion Wastes, and Related Contaminants in Residential Plumbing Requires Plumbing and Fixture Replacement

#### 1. PFCs, Including GenX and Nafion, Bond with Biofilms, Scale, Iron, and Rust in Pipes, Fittings, Fixtures, and Appliances.

111. Responding to paragraph 111 of the complaint, Defendant states that paragraph 111 concerns complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis. Defendant denies the remaining allegations and characterizations in paragraph 111 of the complaint.

112.     To the extent paragraph 112 relates to individuals, regulatory agencies, entities, or companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Paragraph 112 appears to characterize certain documents and/or reports to which Defendant refers Plaintiff within the appropriate context.  Defendant expressly denies any statement or allegation in paragraph 112 that mischaracterizes such documents and/or reports, or takes them out of context.  To the extent the allegations relate to Defendant, Defendant states that paragraph 112 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 112 of the complaint.

113.     Responding to paragraph 113 of the complaint, Defendant states that paragraph 113 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 113 of the complaint.

114.     Responding to paragraph 114 of the complaint, Defendant states that paragraph 114 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 114 of the complaint.

115.     Responding to paragraph 115 of the complaint, Defendant states that paragraph 115 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 115 of the complaint.

**2.   Remediation Can Only Be Accomplished By Replacing Pipes, Fittings, Appliances, and Fixtures and Installing Filtration Systems**

116.     Responding to paragraph 116 of the complaint, Defendant states that paragraph 116 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 116 of the complaint.

117.     Responding to paragraph 117 of the complaint, Defendant states that paragraph 117 concerns complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 117 of the complaint.

### F. Plaintiffs' Experiences

#### 1. Victoria Carey

118.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 118 of the complaint and therefore denies the same.

119.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 119 of the complaint and therefore denies the same.

120.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 120 of the complaint and therefore denies the same.

121.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 121 of the complaint specific to Plaintiff and therefore denies the same.  Defendant states that the remaining allegations in paragraph 121 concern complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 121 of the complaint.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 122 of the complaint specific to Plaintiff and therefore denies the same.  Defendant states that the remaining allegations in paragraph 122 concern complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 122 of the complaint.

### 2.  Marie Burris

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 123 of the complaint and therefore denies the same.

124.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 124 of the complaint and therefore denies the same.

125.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 125 of the complaint and therefore denies the same.

### 3.  Michael Kiser

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 126 of the complaint specific to Plaintiff and therefore denies the same.  Defendant states that the remaining allegations in paragraph 126 concern complex scientific and technical matters, which are properly the subject of expert testimony. Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 126 of the complaint.

### 4.  Brent Nix

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 127 of the complaint and therefore denies the same.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 128 of the complaint and therefore denies the same.

129.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 129 of the complaint and therefore denies the same.

130.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 130 of the complaint specific to Plaintiff and therefore denies the same.  Defendant states that the remaining allegations in paragraph 130 concern complex scientific and technical matters, which are properly the subject of expert testimony.  Defendant denies such allegations on that basis.  Defendant denies the remaining allegations and characterizations in paragraph 130 of the complaint.

## V. CLASS ALLEGTIONS

131.     Defendant states that paragraph 131 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 131, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 131 of the complaint.

### A.  Class Claims

132.     Defendant states that paragraph 132 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 132, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and

Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 132 of the complaint.

133.    Defendant states that paragraph 133 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 133, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 133 of the complaint.

134.    Defendant states that paragraph 134 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 134, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 134 of the complaint.

135.    Defendant states that paragraph 135 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 135, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 135 of the complaint.

136.    Defendant states that paragraph 136 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 136, but

Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 136 of the complaint.

137. Defendant states that paragraph 137 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 137, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 137 of the complaint.

138. Defendant states that paragraph 138 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 138, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 138 of the complaint.

139. To the extent paragraph 139 relates to companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same. Defendant states that paragraph 139 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 139, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent

a response is required, Defendant denies any remaining allegations and characterizations in paragraph 139 of the complaint.

### B.  Additional Class-Wide Issues

140.    Defendant states that paragraph 140 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 140, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 140 of the complaint.

141.    Defendant states that paragraph 141 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 141, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 141 of the complaint.

142.    Defendant states that paragraph 142 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 142, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 142 of the complaint.

143.    Defendant states that paragraph 143 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination. Plaintiff purports to seek class certification in paragraph 143, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 143 of the complaint.

144. Defendant states that paragraph 144 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 144, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 144 of the complaint.

145. Defendant states that paragraph 145 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 145, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 145 of the complaint.

146. Defendant states that paragraph 146 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. Plaintiff purports to seek class certification in paragraph 146, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 146 of the complaint.

147.     Defendant states that paragraph 147 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 147, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 147 of the complaint.

148.     To the extent paragraph 148 relates to companies other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations, and therefore denies same.  Defendant states that paragraph 148 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  Plaintiff purports to seek class certification in paragraph 148, but Defendant denies that this case is appropriate for class certification and denies that Plaintiffs and Class Members are entitled to any relief.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 148 of the complaint.

**COUNT I: NEGLIGENCE**

149.     Defendant incorporates by reference its responses to paragraphs 1 through 148 of the complaint.

150.     Defendant states that paragraph 150 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 150 of the complaint.

151.    Defendant states that paragraph 151 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 151 of the complaint.

152.    Defendant states that paragraph 152 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 152 of the complaint.

153.    Defendant states that paragraph 153 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 153 of the complaint.

154.    Defendant states that paragraph 154 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 154 of the complaint.

155.    Defendant states that paragraph 155 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 155 of the complaint.

156.    Defendant states that paragraph 156 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 156 of the complaint.

157.    Defendant states that paragraph 157 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 157 of the complaint.

## COUNT II: GROSS NEGLIGENCE

158.    Defendant incorporates by reference its responses to paragraphs 1 through 157 of the complaint.

159.    Defendant states that paragraph 159 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 159 of the complaint.

160.    Defendant states that paragraph 160 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 160 of the complaint.

161.    Defendant states that paragraph 161 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 161 of the complaint.

162.    Defendant states that paragraph 162 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 162 of the complaint.

163.    Defendant states that paragraph 163 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 163 of the complaint.

164.    Defendant states that paragraph 164 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 164 of the complaint.

### **COUNT III: NEGLIGENCE PER SE**

165.    Defendant incorporates by reference its responses to paragraphs 1 through 164 of the complaint.

166.    Defendant states that paragraph 166 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 166 of the complaint.

167.    Defendant states that paragraph 167 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 167 of the complaint.

168.    Defendant states that paragraph 168 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 168 of the complaint.

## COUNT IV: PUBLIC AND PRIVATE NUISANCE

169. Defendant incorporates by reference its responses to paragraphs 1 through 168 of the complaint.

170. Defendant states that paragraph 170 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 170 of the complaint.

171. Defendant states that paragraph 171 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 171 of the complaint.

172. Defendant states that paragraph 172 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 172 of the complaint.

173. Defendant states that paragraph 173 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 173 of the complaint.

174. Defendant states that paragraph 174 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 174 of the complaint.

175. Defendant states that paragraph 175 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 175 of the complaint.

**COUNT V: TRESPASS**

176. Defendant incorporates by reference its responses to paragraphs 1 through 175 of the complaint.

177. Defendant states that paragraph 177 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 177 of the complaint.

178. Defendant states that paragraph 178 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 178 of the complaint.

179. Defendant states that paragraph 178 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 179 of the complaint.

180. Defendant states that paragraph 180 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 180 of the complaint.

181.    Defendant states that paragraph 181 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 181 of the complaint.

182.    Responding to the allegations in paragraph 182 seeking the costs of blood tests to identify and treat Plaintiffs' and Class members' alleged injuries, Defendant states that no response is required because the Court dismissed this prayer for relief in its September 24, 2020 Order. Defendant further states that paragraph 182 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.   To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 182 of the complaint.

## COUNT V: UNJUST ENRICHMENT

183.    Defendant incorporates by reference its responses to paragraphs 1 through 182 of the complaint.

184.    Defendant states that paragraph 184 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to the Court for determination.  To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 184 of the complaint.

185.    Defendant states that paragraph 185 of the complaint contains conclusions of law, to which no response is required from Defendant, and respectfully refers all questions of law to

the Court for determination. To the extent a response is required, Defendant denies any remaining allegations and characterizations in paragraph 185 of the complaint.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of a prayer for relief, to which no response is required. Responding to paragraph (b) of the Prayer for Relief, seeking the costs of blood tests to identify and treat Plaintiffs' and Class members' alleged injuries, Defendant states that no response is required because the Court dismissed this prayer for relief in its September 24, 2020 Order. To the extent a response is required to the remainder of the Prayer for Relief, Defendant denies any remaining allegations and denies that Plaintiffs and Class Members are entitled to any relief against Defendant. Defendant further denies any allegations not expressly admitted above, subject to the caveats provided above.

**AFFIRMATIVE DEFENSES**

The following are defenses Defendant may assert based on the facts alleged in the action, or based on facts adduced in discovery. In disclosing these defenses, Defendant does not assume any burden of proof not otherwise required by law. Moreover, Defendant undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, Defendant reserve its right to assert further defenses that may become apparent in the course of discovery.

### FIRST ADDITIONAL DEFENSE

The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## THIRD ADDITIONAL DEFENSE

Plaintiffs have alleged an injury that, as a matter of law, does not support a recovery in tort.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs have failed to name all necessary and indispensable parties in this action.

## FIFTH ADDITIONAL DEFENSE

To the extent that Plaintiffs have split their claims, Plaintiffs' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs lack standing to assert, in whole or in part, the claims and the demands for relief in the Complaint.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because under North Carolina law, Defendant did not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach and/or fully discharged that duty.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Defendant exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Defendant proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or wont of care attributable to others over whom Defendant neither had nor exercised any control.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because to the extent Defendant owed any cognizable duty to warn, Defendant adequately discharged any such duty.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' claim for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FOURTEENTH ADDITIONAL DEFENSE

The relief that Plaintiffs seek, in whole or in part, violates Defendant's due process rights under the North Carolina State Constitution.

## FIFTEENTH ADDITIONAL DEFENSE

Defendant denies any negligence, culpable conduct, or liability on its part but, if Defendant ultimately is found liable for any portion of Plaintiffs' alleged damages, Defendant shall only be liable for its equitable share of Plaintiffs' alleged damages.

## SIXTEENTH ADDITIONAL DEFENSE

Defendant denies any liability, but in the event Defendant is found to have any liability to Plaintiffs, Defendant is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the complaint.

## SEVENTEENTH ADDITIONAL DEFENSE

Defendant cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from and greater than any harm allegedly caused by acts or omissions of Defendant.

## EIGHTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) manufactured by Defendant.

## NINETEENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by exposure to PFOA from any product(s) attributable to Defendant.

## TWENTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFOA has been reliably established, through scientific means, to be capable of causing their alleged injuries.

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFOA, and/or for a sufficient duration, that has been reliably established, through scientific means, to be capable of causing their alleged injuries.

## TWENTY-SECOND ADDITIONAL DEFENSE

Any damages Plaintiffs may have suffered were not reasonably foreseeable by Defendant at the time of the conduct alleged.

## TWENTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant neither knew, nor should have known, that any of the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Defendant at all times relevant to the claims or causes of action asserted by Plaintiffs.

## TWENTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Defendant, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Defendant exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws, regulations, standards, and orders.

## TWENTY-FIFTH ADDITIONAL DEFENSE

Some or all of Plaintiffs' claims are not amenable to judicial resolution because of the primary jurisdiction doctrine.

## TWENTY-SIXTH ADDITIONAL DEFENSE

The claims and/or damages alleged in the complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate their damages, if any.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

Some of Plaintiffs' claims may be barred in whole, or in part, by the doctrine of federal preemption.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

Defendant is entitled to all of the procedural, substantive, and other protections, caps and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

## TWENTY-NINTH ADDITIONAL DEFENSE

The complaint fails to state a claim upon which punitive or exemplary damages may be awarded under North Carolina statutory or common law.

## THIRTIETH ADDITIONAL DEFENSE

Defendant did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

## THIRTY-FIRST ADDITIONAL DEFENSE

Plaintiffs have failed to adequately plead and/or allege that Defendant acted with the requisite state of mind to warrant an award of punitive damages.

## THIRTY-SECOND ADDITIONAL DEFENSE

Defendant has complied with all applicable statutes and regulations set forth by local, state, and/or federal government(s) with regard to the conduct alleged in the complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

## THIRTY-THIRD ADDITIONAL DEFENSE

Punitive damages are not available because all conduct and activities of Defendant related to matters alleged in the complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed during the relevant and material time period.

## THIRTY-FOURTH ADDITIONAL DEFENSE

Punitive damages are not available because Defendant neither knew nor should have known that the substances to which Plaintiffs were allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and Defendant therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate Defendant's constitutional right to due process.

## THIRTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, or are unconstitutional insofar as they violate the due process protections afforded by the Unites States Constitution and the Constitution of the State of North Carolina, including without limitation the Fifth, Eighth, and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, and other applicable provisions of the Constitution of the State of North Carolina or any other state whose laws may apply.

## THIRTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributory negligence. Plaintiffs acted negligently and unreasonably by engaging in conduct that includes among other things, maintaining wells that are not permitted by or do not comply with applicable law. Plaintiffs' negligence was the actual and proximate cause of the damages described in the complaint.

## THIRTY-SEVENTH ADDITIONAL DEFENSE

Plaintiffs' recovery is barred because Plaintiffs knowingly and voluntarily assumed the risk of any injuries in this lawsuit when they engaged in culpable conduct, including, among other things, maintaining wells that are not permitted by or do not comply with applicable law.

## THIRTY-EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Defendant cannot be held responsible.

## THIRTY-NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

## FORTIETH ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims against Defendant.

## FORTY-FIRST ADDITIONAL DEFENSE

Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## FORTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of Federal Preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation under CERCLA, 42 U.S.C. § 9613(h).

## FORTY-THIRD ADDITIONAL DEFENSE

Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and/or indispensable parties without which this action should not proceed and should be dismissed.

## FORTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred because of changes made to the product, material, or equipment's condition.

## FORTY-FIFTH ADDITIONAL DEFENSE

The relief sought is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction, abstention, and or the doctrine of separation of powers.

## FORTY-SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred because they failed to exhaust administrative remedies.

## FORTY-SEVENTH ADDITIONAL DEFENSE

The claims alleged in the complaint may not be properly maintained or certified as a class action.

## FORTY-EIGHTH ADDITIONAL DEFENSE

This action may not proceed as a class action because the claims of the named Plaintiffs are not typical of the putative class.

## FORTY-NINTH ADDITIONAL DEFENSE

This action may not proceed as a class action because Plaintiff is not an adequate class representative.

## FIFTIETH ADDITIONAL DEFENSE

This action may not proceed as a class action because the questions of law and fact at issue are not common to the alleged class, but rather, are specified to each individual of the putative class.

## FIFTY-FIRST ADDITIONAL DEFENSE

This action may not proceed as a class action because class litigation against Defendant is not the superior means of addressing the challenged conduct.

## FIFTY-SECOND ADDITIONAL DEFENSE

This action may not proceed as a class action because the proposed class definition is not ascertainable.

## FIFTY-THIRD ADDITIONAL DEFENSE

The class action allegations of the complaint are barred in that trying Plaintiffs' and the putative class members' claims through a class action or other aggregate proceeding would violate Defendant's due process and other constitutional rights by (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (c) depriving Defendant of its right to defend itself with respect to individual claims.

## FIFTY-FOURTH ADDITIONAL DEFENSE

To the extent Plaintiff and the putative class members fail to demonstrate that every putative class member sustained cognizable damages as a result of Defendant's actions, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the U.S. Constitution.

## FIFTY-FIFTH ADDITIONAL DEFENSE

To the extent that it is not permitted to conduct discovery and introduce evidence as to each and every putative class member's individual claims, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the U.S. Constitution.

## RESERVATION OF DEFENSES

Defendant reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## JURY DEMAND

Defendant demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 8, 2020                    Respectfully submitted,


                                        /s/ *Kenneth J. Reilly*
                                        David R. Erickson
                                        **SHOOK, HARDY AND BACON, LLP**
                                        2555 Grand Blvd.
                                        Kansas City, Missouri 64108
                                        Phone: 816-559-2487
                                        Fax: 816-421-5547
                                        derickson@shb.com

                                        Kenneth J. Reilly
                                        **SHOOK, HARDY AND BACON, LLP**
                                        201 S. Biscayne Blvd
                                        3200 Citigroup Center
                                        Miami, FL 33131
                                        Phone: 305-358-5171
                                        Fax: 305-358-7470
                                        kreilly@shb.com

                                        Thomas H. Segars
                                        **ELLIS & WINTERS LLP**
                                        P.O. Box 33550
                                        Raleigh, NC 27636
                                        Phone: 919-865-7000
                                        Fax: 919-865-7010
                                        tom.segars@elliswinters.com

                                        ***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of October 2020, a copy of the foregoing was served via electronic mail upon the below counsel of record for Plaintiffs.

_s/ Kenneth J. Reilly_____
***Attorney for Defendants***

Theodore J. Leopold
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
2925 PGA Blvd.
Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com

Jay Chaudhuri
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
150 Fayetteville St.
Suite 980
Raleigh, NC 27601
(919) 890-0560 Telephone
(919) 890-0567 Facsimile
jchaudhuri@cohenmilstein.com

Andrew Whiteman
**WHITEMAN LAW FIRM**
5400 Glenwood Ave.
Suite 225
Raleigh, NC 27612
(919) 571-8300 Telephone
(919) 571-1004 Facsimile
aow@whiteman-law.com

S. Douglas Bunch
Douglas J. McNamara
Jamie Bowers
Alison Deich
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
1100 New York Ave. N.W., Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
dbunch@cohenmilstein.com
dmcnamara@cohenmilstein.com
jbowers@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave., Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com

Gary W. Jackson
**THE LAW OFFICES OF**
**JAMES SCOTT FARRIN, P.C.**
280 S. Mangum St.
Suite 400
Durham, NC 27701
(919) 688-4991 Telephone
(800) 716-7881 Facsimile
gjackson@farrin.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035
(312) 613-0800 Telephone
(847) 478-0800 Facsimile
nhw@dedendumgroup.com