IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al.<br><br>    Defendants. | **No. 7:17-CV-00189-D** |
| **Roger Morton**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company**, et al.<br><br>    Defendants. | **No. 7:17-CV-00197-D** |
| **Victoria Carey**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont De Nemours and Company**, et al.<br><br>    Defendants. | **No. 7:17-CV-00201-D** |

**Order on Motion to Seal**

Defendants request that the court seal certain portions of filings submitted in support of and in opposition to Plaintiffs' motion to compel documents in Defendants' first clawback log. Mot. to Seal, D.E. 279. These documents include: D.E. 272–1; D.E. 272–2; D.E. 274; D.E. 274–2; D.E. 274–3; D.E. 277; D.E. 277–1; D.E. 277–2; D.E. 278, D.E. 278–3. *Id.* As Defendants have shown good cause, the court will grant Defendants' motion and seal the documents.

I.  **Discussion**

Defendants believe these documents include its highly sensitive trade secret information about the business and regulatory activities within their chemical manufacturing processes. The Motion to Seal has been present on the public docket since February 2021 and no member of the public or another party has opposed the motion. The court will grant the motion.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the district court must (1) give the public notice and a reasonable chance to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important

historical event; and whether the public has already had access to the information contained in the records." *Id.* To grant a motion to seal, the court must find that the circumstances of the motion overcome both the First Amendment and common law presumption of access.

Defendants argue that making this information public could cause competitive harm. The court agrees that the Defendants' interests in maintaining the confidentiality of the information in these documents outweighs the public interest in access. *See Morris* v. *Cumberland Cty. Hosp. Sys., Inc.*, No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances."). The information on the Defendants' processes exist for the purpose of internal company operations and methods related to chemical manufacturing. Much of the information may also constitute trade secrets. This supports sealing the materials related to Plaintiffs' motions to compel.

After considering the motion to seal and the related filings, the court finds that it should grant the Motion to Seal because each of the factors set out in *In re Knight Publ'g Co.* is satisfied. Defendants have shown that the documents subject to the motion to seal contain or refer to nonpublic information, considered confidential under the Protective Order (D.E. 183) and for which the public has no proper purpose to seek them. Based on this showing, the court finds that the circumstances presented by this motion overcome both the First Amendment and common law presumption of access.

Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed.

Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the trade secret and other sensitive information in the documents.

I. **Conclusion**

The court grants Defendants' Motion to Seal (D.E. 279) and directs the Clerk of Court to seal the following:

- D.E. 272–1;
- D.E. 272–2;
- D.E. 274;
- D.E. 274–2;
- D.E. 274–3;
- D.E. 277;
- D.E. 277–1;
- D.E. 277–2;
- D.E. 278; and
- D.E. 278–3.

Dated: May 18, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge