IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al.<br><br>        Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**The Chemours Company**, et al.<br><br>        Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont De Nemours and Company**, et al.<br><br>        Defendants. | No. 7:17-CV-00201-D |

**Order**

The court recently held a hearing on several pending motions (D.E 444, 458, 464, 485). After that hearing, the court orders as follows:

For the reasons stated on the record, Defendants' Amended Motion to Compel (D.E. 444) is granted. To the extent that they have not already done so, Plaintiffs must produce the list of potential class members' names and addresses in response to Defendants' discovery requests. Plaintiffs must provide this information no later than 14 days after entry of this order. Each party will bear their own costs incurred in connection with this motion.

During the hearing on Plaintiffs' motion to compel (D.E. 458), Defendants discussed, in general terms, the steps taken to locate and produce documents responsive to discovery requests focused on their Boards of Directors, Chemours' Executive Team, and Chemours' Audit Committee. No later than 7 days after entry of this order, Defendants must submit an affidavit specifying, in detail, the search protocol used to search for responsive documents. And within 7 days from the entry of this order Defendants must submit the agenda and the meeting minutes for the April 26, 2017 Chemours Board of Directors meeting where Paul Kirsh made a presentation, the agenda and the meeting minutes for the August 2017 Chemours Board Meeting where a presentation entitled Chemours Board of Directors Meeting: Fayetteville Discussion, and the agenda for the November 2017 Chemours Board of Directors meeting.

The parties' discussion of Plaintiffs' motion to compel Rule 30(b)(6) designees (D.E. 464) suggested that many items at issue in that motion can be resolved by agreement instead of a court order. The parties must meet and confer and, no later than 14 days after entry of this order, notify the court whether they have been able to reach an agreement on any of those items.

Defendants have asked the court to issue a protective order related to expert opinions offered by Dr. David L. Sunding. D.E. 185 In doing so, Defendants invoked the expedited

discovery procedures applicable to this case. D.E. 178. Having considered the parties' filings and their arguments at the hearing, the court believes that fuller briefing is necessary before the court can address this issue. No later than 7 days after entry of this order, Defendants must submit a brief of no more than 15 pages in support of their motion. And no later than 7 days after Defendants file their briefs, Plaintiffs must submit a response brief of no more than 15 pages. The parties' briefs should discuss whether Plaintiffs may add a new damages theory to this case after the court has addressed damages-related issues at the class certification stage.

Finally, as the court noted at the hearing, Plaintiffs' response to Defendants' motion to compel misstated the language of various cases cited in that document. For example, Plaintiffs' brief cited *Stemple v. QC Holdings, Inc.*, No. 12-CV-1997-CAB, 2013 WL 10870906, at *3 (S.D. Cal. June 17, 2013), in support of their argument that class members have a right of privacy in their personal information. Mem. in Resp. to Def.'s Mot. to Compel at 7, D.E. 476. According to Plaintiffs, that case said, "This Court recognizes that the putative class members have a legally protected right to privacy." *Id.* But, in fact, the *Stemple* court said, "While this Court recognizes that the putative class members have a legally protected right to privacy, the information sought by Plaintiff is not particularly sensitive." 2013 WL 10870906, at *4.

In the same section of their brief, Plaintiffs cited *Artis v. Deere & Co.*, 276 F.R.D. 348 (N.D. Cal. 2011). They claimed that case said, "The putative class members have a legally protected interest in the privacy of their contact information." Mem. in Resp. to Def.'s Mot. to Compel at 7. But the actual language from the case was "While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy the information sought by Plaintiff is not particularly sensitive." *Artis*, 276 F.R.D. at 353.

These misstatements are unacceptable. Their presence negatively reflects on the attorneys who drafted and signed that document. While the court declines to act against those individuals for now, it cautions all parties that future attempts to mislead the court to the content of case law may result in sanctions against the document's author or signer. *See Monee Nursery & Landscaping Co. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL–CIO*, 348 F.3d 671, 677 n. 4 (7th Cir. 2003) ("[A]n intentional misstatement of law before a court is a serious offense that violates Rule 3.3(a) of the Model Rules of Professional Conduct . . . and can lead to sanctions under Rule 11(c) of the Federal Rules of Civil Procedure."). Since "most lawyers are wise enough to know that their most precious asset is their professional reputation[,]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 413 (1990) (Stevens, J., concurring in part and dissenting in part), the court is hopeful it will not have to address this issue again.

Dated:

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE