IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al.<br><br>    Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont De Nemours and Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00201-D |

**Order on Motion to Compel Rule 30(b)(6) Deposition**

Plaintiffs ask the court to compel Defendants to designate various individuals to testify on topics contained in their Amended Rule 30(b)(6) Deposition Notice. This motion, however, is premature. Once a party has served a Rule 30(b)(6) deposition notice, the burden is on the party receiving the notice to either have its designee appear and testify at the deposition or to move for a protective order. Since it does not appear that Plaintiffs went forward with the noticed deposition, there is nothing for the court to compel. Thus the motion is denied.

I.   Background

This case is one of several pending in this district dealing with allegations that for many years Defendants discharged toxic chemicals into the Cape Fear River. Discovery proceeded in two phases. First, the parties conducted discovery on class-certification-related issues. And after the court resolved the question of class certification, the parties were to engage in merits-related discovery.

Merits discovery began in January 2024. In February 2024, Plaintiffs served a Rule 30(b)(6) Deposition Notice on Defendants that set a deposition date of March 1, 2024, and contained 67 topics. And a month after that, in March 2024, they served an Amended Rule 30(b)(6) Deposition Notice that changed the deposition date to March 12, 2024, and added a topic.

The parties then engaged in discussions about these topics. Given that some topics in the Amended Notice were duplicative of Rule 30(b)(6) topics in related cases, Plaintiffs proposed "Defendants could designate their prior testimony from depositions in the [related] cases as appropriate." Mem. in Supp. at 1. Defendants responded by designating testimony given in other cases in response to 38 topics and "stated that they would produce 'documents in lieu of testimony' for three topics." *Id.* Defendants eventually added three additional topics to the list of those that

2

would be addressed through testimony given in other cases. *Id.* at 2. After these initial discussions, 22 topics had not been dealt with through a designation of prior testimony or production of documents.

Then, in late March 2024, Defendants served responses and objections to the Amended Notice. Defendants said that they would not be designating anyone on the remaining topics. Later discussions between the parties on this issue did not yield a resolution, so Plaintiffs moved to compel in early-April 2024, requesting that the court require Defendants to designate someone to testify on the remaining 22 topics.

**II.     Discussion**

Under the Federal Rules, a party may depose a "public or private corporation, a partnership, an association, a governmental agency, or other entity[.]" Fed. R. Civ. P. 30(b)(6). The deposition notice served on an entity "must describe with reasonable particularity the matters for examination." *Id.* After receiving the notice, "[t]he named organization must designate one or more" individuals "to testify on its behalf . . . about information known or reasonably available to the organization" on the listed topics. *Id.* If the corporation intends to designate more than one person to testify on its behalf, "it may set out the matters on which each person will testify." *Id*.

Unlike other federal rules, the rule on depositions does not provide the party from whom discovery is sought with an option to object to a deposition notice. *Compare* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(C) *with* Fed. R. Civ. P. 30. Thus, as this court noted nearly a decade ago, "[t]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Beach Mart, Inc.* v. *L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (citing *Robinson* v. *Quicken Loans, Inc.*, No. 3:12–cv–00981,

3

Case 7:17-cv-00189-D   Document 511   Filed 08/12/24   Page 3 of 5

would be addressed through testimony given in other cases. *Id.* at 2. After these initial discussions, 22 topics had not been dealt with through a designation of prior testimony or production of documents.

Then, in late March 2024, Defendants served responses and objections to the Amended Notice. Defendants said that they would not be designating anyone on the remaining topics. Later discussions between the parties on this issue did not yield a resolution, so Plaintiffs moved to compel in early-April 2024, requesting that the court require Defendants to designate someone to testify on the remaining 22 topics.

**II.     Discussion**

Under the Federal Rules, a party may depose a "public or private corporation, a partnership, an association, a governmental agency, or other entity[.]" Fed. R. Civ. P. 30(b)(6). The deposition notice served on an entity "must describe with reasonable particularity the matters for examination." *Id.* After receiving the notice, "[t]he named organization must designate one or more" individuals "to testify on its behalf . . . about information known or reasonably available to the organization" on the listed topics. *Id.* If the corporation intends to designate more than one person to testify on its behalf, "it may set out the matters on which each person will testify." *Id*.

Unlike other federal rules, the rule on depositions does not provide the party from whom discovery is sought with an option to object to a deposition notice. *Compare* Fed. R. Civ. P. 33(b)(4) & 34(b)(2)(C) *with* Fed. R. Civ. P. 30. Thus, as this court noted nearly a decade ago, "[t]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." *Beach Mart, Inc.* v. *L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (citing *Robinson* v. *Quicken Loans, Inc.*, No. 3:12–cv–00981,

2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013)). If it does not pursue a protective order, "the corporation must produce a witness prepared to testify to the subject matter described in the notice." *Id.* A failure to do so can result in an order compelling the corporation to designate someone to testify, Fed. R. Civ. P. 30(a)(3)(B)(ii), and the imposition of sanctions, Fed. R. Civ. P. 37(a)(4) & (d)(1)(A)(i).

So, given the language of the Federal Rules, at this point, the motion to compel is premature. Plaintiffs noticed Defendants' deposition under Rule 30(b)(6). As a result, Defendants needed to produce someone to testify at the designated time on the designated topics, reach an agreement with Plaintiffs on an alternative method of providing the requested information, or seek a protective order from the court limiting their obligation to produce a designee.

For many of Plaintiffs' proposed topics, the parties agreed to use documents or deposition testimony in related actions to satisfy Defendants' obligations. But on the remaining topics, Defendants needed to either produce someone to testify on the topic as listed or seek a protective order. While their objections may provide a useful starting point for discussions between the parties, they have no legal effect and do not relieve Defendants of their obligations under the Federal Rules. So, until Defendants moved for a protective order, Plaintiffs were entitled to insist that Defendants have one or more designees appear and testify on the remaining topics.

But they did not do so. Although the Amended Notice set the deposition for March 12, 2024, there is no evidence that Plaintiffs appeared for a deposition that day. Instead, the record reflects that the parties continued to negotiate the terms of the Rule 30(b)(6) deposition for several more weeks. Since the deposition never occurred, Defendants never failed to produce someone to

testify on the remaining topics. And, as a result, there is nothing for the court to compel Defendants to do. The motion to compel is denied.

## III. Conclusion

For these reasons, Plaintiffs' motion (D.E. 464) is denied without prejudice. Each party will bear their own costs.

Dated: August 12, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge