IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company FC, LLC**, et al. <br><br> Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **The Chemours Company**, et al. <br><br> Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **E.I. Du Pont De Nemours and Company**, et al. <br><br> Defendants. | No. 7:17-CV-00201-D |

**Order on Motion to Seal**

Before the court is the Defendants' Motion to Seal. D.E. 509. They request part of a deposition transcript be maintained under seal on the docket, with a redacted version accessible, because it contains information about sensitive business information. (D.E. 507, 507–1). There is no opposition to the Motion to Seal.[1] The court will grant the motion.

As with all aspects of the federal government, the federal courts belong to the People of the United States. And, as a result, the public has "a general right to inspect and copy . . . judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Allowing public access to judicial records advances the public's "interest in ensuring basic fairness and deterring official misconduct not only in the outcome of certain proceedings, but also in the very proceedings themselves." *United States ex rel. Oberg* v. *Nelnet, Inc.*, 105 F.4th 161, 172–73 (5th Cir. 2024).

But the public's "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files, and" can deny the public access to those records and files when they may be used "for improper purposes." *Id.*

Parties regularly ask courts to shield judicial documents from the public eye. So to ensure that the public's right to access judicial records is not unduly limited, courts in the Fourth Circuit "must comply with certain substantive and procedural requirements" before granting a motion to seal. *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). At the outset, "the district court . . . must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). That source could be either the common law or the First Amendment. *Id.* at 575.

---

[1] The motion notes that Plaintiffs oppose sealing of the materials. Mem. in Supp. at 7, D.E. 510. But they have filed no pleading challenging the Motion to Seal.

Determining the appropriate source of the right of access is important because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The court must also give the public notice and a reasonable chance to challenge the request to seal. *Id.* And it must "consider less drastic alternatives to sealing[.]" *Id.* Then, if it decides to seal documents, the court must make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

With these requirements in mind, the court turns to Defendants' motion to seal.

The Defendants maintain the public's right of access here stems from the common law, not the First Amendment. Mem. in Supp. at 5, D.E. 510. The court assumes this to be correct.

While the common law provides less protection to the public's right of access than the First Amendment, it still provides a presumption of public access to judicial documents. *Rushford*, 846 F.2d at 253. Yet a party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id.* The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

After considering the Motion to Seal and the related filings, the court finds that it should grant the Motion because each of the factors set out in *In re Knight Publ'g Co.* is satisfied. The proposed sealed documents contain sensitive business information including strategic initiatives,

financial incentives, performance assessments, and non-public discussions by executives and board members of Chemours. Some aspects of the matters discussed in the deposition may be publicly available, but the specific information for which sealing is sought is not. Mem in Supp. at 6. The Defendants contend it is unlikely that the materials at issue here will play a role in adjudicating the matter. *Id.* And courts have concluded that it is appropriate to seal such sensitive business information. *See Nallapaty* v. *Nallapati*, No. 5:20-CV-470-BO, 2022 WL 16984479, at *5 (E.D.N.C. Nov. 15, 2022) (remarking that "[c]onfidential business records have often been recognized as sufficient to outweigh the right to public access.").

Balancing all interests, release of these materials has little bearing on public matters but could harm the Defendants' interests. Based on this showing, the court finds that the circumstances presented by this motion overcomes the common law presumption of access.

Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed.

Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of business, financial, and other sensitive information in the documents.

The court grants the Motion to Seal (D.E. 509). The Clerk shall maintain D.E. 507 and 507–1 under seal. And the Clerk shall docket the redacted versions of those materials, attached to the Motion to Seal at Exhibit A (D.E. 509–1).

Dated: November 25, 2024

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge