UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, BRENT NIX, and ROGER MORTON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON, <br><br> Defendants. | Civil Action No. 7:17-cv-00189-D <br> Civil Action No. 7:17-cv-00197-D <br> Civil Action No. 7:17-cv-00201-D |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION UNDER RULE 6(b)(1)(B) TO EXTEND TIME FOR FILING A REPLY IN SUPPORT OF THEIR MOTION FOR CLASS DECERTIFICATION**

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure and Local Civil Rule 6.1, Defendants respectfully move the Court to extend the time within which they may file a reply in support of their pending Motion for Class Decertification [D.E. 629]. For the reasons explained below, good cause to grant the extension exists, and Defendants' failure to file the reply within the time period prescribed was the result of excusable neglect.

**RELEVANT BACKGROUND**

On December 18, 2024, Defendants filed a Motion for Class Decertification [D.E. 629 (the "Decertification Motion")] and a supporting memorandum of law [D.E. 630].

After seeking (with Defendants' consent) and obtaining a nine-day extension of their time for responding to the Decertification Motion, Plaintiffs filed a memorandum of law in opposition

to the Decertification Motion on January 17, 2025 [D.E. 632].

Under Local Civil Rule 7.1(g)(1), Defendants' time for filing a reply in support of the Decertification Motion expired fourteen days after Plaintiffs filed their opposition; that is, on January 31, 2025.

Counsel for Defendants erred and mistakenly set the deadline as February 10, 2025. Counsel for Defendants have determined that the source of this error was a miscommunication among counsel for Defendants about the nine-day extension for Plaintiffs' briefing time to which Defendants had consented. In particular, after discussing the briefing on the Decertification Motion generally, the attorneys preparing the reply mistakenly added nine days to the reply deadline.

On February 7, 2025, Defendants filed a reply in support of the Decertification Motion [D.E. 633]. This reply was untimely. Defendants first became aware that the reply was untimely when counsel for Plaintiffs brought it to Defendants' attention on the afternoon of February 7, 2025, after the reply was filed. Counsel for Plaintiffs asked Defendants to withdraw the reply in light of the fact that it was untimely. Later that same evening, counsel for Defendants responded to counsel for Plaintiffs, agreeing to withdraw the reply, explaining that Defendants would file a motion to extend their time for filing the reply under Rule 6(b)(1)(B), and seeking Plaintiffs' position on this motion. On February 8, 2025, counsel for Plaintiffs responded that Plaintiffs oppose this motion.

In light of the foregoing circumstances, Defendants respectfully move under Rule 6(b)(1)(B) to extend the time for filing a reply in support of the Decertification Motion until such time as the Court can rule on this motion. Defendants respectfully ask that, at that time, the Court accept the reply, which is attached as an exhibit to the motion.

## LEGAL STANDARD

In order to extend the time for filing a reply under Rule 6(b)(1)(B), Defendants must show that their failure to file the reply by the deadline was the result of "excusable neglect." For the reasons discussed below, Defendants meet this standard.

As this Court has explained, "'[e]xcusable neglect' is an elastic concept, though courts have discretion to allow late filings even where the delay was the result of inadvertence or mistake." *Richardson v. United States*, No. 5:08-CV-620-D, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010) (citing *Pioneer Invs. Serv. Co. v. Brunswick Assoc. Ltd. P'shp*, 507 U.S. 380, 392 (1993)). "The determination of whether neglect is excusable is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These circumstances include: (1) 'danger of prejudice'; (2) 'length of delay and its potential impact on judicial proceedings'; (3) 'reason for the delay'; and (4) 'whether the movant acted in good faith.'" *Id.* (quoting *Fontell v. MCGEO UFCW Local 1994*, No. AW–09–2526, 2010 WL 3086498, at *2 (D. Md. Aug. 6, 2010) (internal quotations partially omitted)).

## ARGUMENT

Applying this standard, there is good cause to grant Defendants' requested extension and to find that Defendants' failure to timely file their reply was the result of excusable neglect.

Here, there is no danger of prejudice to Plaintiffs by allowing Defendants' reply to be filed out of time. The reply addresses legal arguments made by Plaintiffs in their opposition, but the gravamen of the argument—that the classes previously certified should be decertified—has been known to Plaintiffs since the December 18, 2024, filing of the Decertification Motion. *See id.* at *5 (finding no prejudice on a motion under Rule 6(b)(1)(B) for an expert report served several weeks after the deadline, in part, because the report was not "abandoning . . . initial claims and

3

theories, but rather . . offering a response to the position of defendant's experts"). Where, as here, a brief is submitted late, but the "merits of [the] motion will be reached either way," there is minimal prejudice to the non-moving party. *Ford Fam. v. United States Dep't of Def.*, No. 5:21-CV-00357-M, 2021 WL 7082791, at *3 (E.D.N.C. Dec. 21, 2021) (quoting this language in its approving citation of *Tonin v. Baltimore City Police Dep't*, No. CV DKC 19-0323, 2020 WL 6746476, at *3 (D. Md. Nov. 17, 2020)); *see also Roesel v. United States Dep't of Health & Hum. Servs.*, No. 7:24-CV-409-FL, 2024 WL 4342152, at *2 (E.D.N.C. Sept. 27, 2024) (finding no prejudice where delay did not prevent "the court's speedy address" of the motion at issue). The Decertification Motion has not been referred for decision, so allowing the reply will not delay its disposition. Moreover, with no deadline for the Decertification Motion itself or any pending deadlines upcoming in the case, Plaintiffs will not be prejudiced by a delay of seven days.

The delay in this case is short and will not have any impact on the judicial proceedings. As discussed above, the Decertification Motion has not been referred for decision, and there are no pending deadlines. The delay associated with Defendants' filing (seven days) is in line with delays that this Court has excused under the "excusable neglect" standard. *Richardson*, 2010 WL 3855193, at *5 (excusing delay of approximately two weeks to a month); *Ford Fam.*, at *2–3 (excusing delay of eleven days); *Klett v. N. Carolina Dep't of Health & Hum. Servs.*, No. 5:23-CV-00467-BO, 2024 WL 4229284, at *2 (E.D.N.C. Sept. 18, 2024) (excusing delay of nineteen days); *Knechtges v. NC Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 5967588, at *2 (E.D.N.C. Aug. 1, 2023) (excusing delays of four days and five days).

The reason for the delay and good faith of the moving party also support the relief requested by this motion. The source of Defendants' error was a miscommunication among counsel for Defendants about an extension of time (to which Defendants consented) for Plaintiffs to respond

to the Decertification Motion. Defendants have attempted to be reasonable and accommodating in consenting to extensions of time, including in consenting to the Plaintiffs' motion for an extension in connection with the Decertification. Defendants certainly made a mistake in determining their time for filing a reply, but this mistake arose out of a miscommunication about an extension that was consented to, sought, and obtained by Plaintiffs.

Defendants also have acted promptly upon learning that the reply was untimely. They agreed to withdraw the reply within hours of counsel for Plaintiffs asking them to do so. And Defendants have made this motion promptly upon receiving Plaintiffs' position on the relief being requested.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order extending the Defendants' time for filing a reply in support of their pending Decertification Motion, accepting the reply in support of Defendants' Decertification Motion as timely filed, and granting such other relief as it may deem just and proper.

Dated: February 8, 2025      Respectfully submitted,

/s/ *Thomas H. Segars*
Thomas H. Segars
N.C. State Bar No. 29433
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Fax: 919-865-7010
tom.segars@elliswinters.com

Kenneth J. Reilly
**SHOOK, HARDY AND BACON, LLP**
201 S. Biscayne Blvd
3200 Citigroup Center
Miami, FL 33131
Phone: 305-358-5171

Fax: 305-358-7470
kreilly@shb.com

Britta N. Todd
Andy Carpenter
Brent Dwerlkotte
**SHOOK, HARDY AND BACON, LLP**
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-559-2487
Fax: 816-421-5547
btodd@shb.com
acarpenter@shb.com
dbdwerlkotte@shb.com

***Attorneys for Defendant***