UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON,<br><br>Defendants. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON,<br><br>Defendants. | Civil Action No. 7:17-CV-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>E.I. du PONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC,<br><br>Defendants. | Civil Action No. 7:17-CV-00201-D |

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE A REPLY OUT OF TIME [D.E. 634]</u>**

Plaintiffs respectfully submit this response in opposition to Defendants' motion to file an untimely reply in support of their motion for class decertification. [*See* D.E. 634].

## INTRODUCTION

In Defendants' motion, they acknowledge, as they must, that they first filed their putative reply, [D.E. 633], seven days *after* the deadline for any such brief. [*See* D.E. 635 at 2]. According to Defendants, this untimely filing was the result of a calendaring error caused by a "miscommunication among counsel for Defendants." *Id*. Specifically, because Defendants consented to a nine-day extension for Plaintiffs' opposition, Defendants added nine days to their own deadline. *Id.* But Defendants neither sought nor received any such extension. They therefore missed their deadline to file a reply.

Defendants now seek leave to file their reply out-of-time under Rule 6(b)(1), which permits filing after the relevant deadline has already expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). But "[c]ourts in the Fourth Circuit have nearly uniformly held that calendaring errors like the one that caused the late filing here cannot be considered excusable neglect." *Beam v. Se. Freight Lines, Inc.*, No. 5:18-CV-124-D, 2020 WL 1860396, at *3 (E.D.N.C. Apr. 13, 2020), *aff'd*, 2020 WL 4912296 (E.D.N.C. Aug. 20, 2020). Defendants' motion should be denied.

## BACKGROUND

On October 4, 2023, this Court issued a 62-page opinion certifying the class in this case and appointing the undersigned as class counsel. [*See* D.E. 420]. Defendants attempted to appeal that decision pursuant to Rule 23(f), but the Fourth Circuit denied their petition. *See* Order, *E. I. du Pont de Nemours & Co. v. Nix*, No. 23-269 (4th Cir. 2023), ECF No. 20. Some fourteen months later, Defendants moved to decertify the classes, asking the Court to revisit and reverse its prior decision. [*See* D.E. 629]. As Plaintiffs explain in their opposition, certification remains proper, and there is no reason to relitigate the same issues that this Court and the Fourth Circuit already considered at such length. [*See* D.E. 632].

Plaintiffs filed their opposition to Defendants' decertification motion on January 17, 2025, meaning that, to the extent Defendants wished to file a reply in support of their motion, their deadline to do so was fourteen days later, on January 31, 2025. *See* Local Civ. R. 7.1(g)(1); *accord* [D.E. 635 at 2]. But that deadline came and went, with no filing from Defendants. Then, seven days later, on February 7, 2025, Defendants filed a reply brief—with no acknowledgment that the deadline had already passed. [*See* D.E. 633]. Defendants "first became aware that the reply was untimely" when, that afternoon, Plaintiffs' counsel contacted Defendants and "brought it to Defendants' attention." [*See* D.E. 635 at 2]. At Plaintiffs' request, Defendants withdrew the reply. *Id*.

Defendants nevertheless seek leave to file that reply brief pursuant to Rule 6(b)(1)(B), which permits untimely filings where the moving party can establish "excusable neglect." [D.E. 634].

## ARGUMENT

Defendants' motion fails to establish "excusable neglect" for purposes of Rule 6(b)(1)(B). There are four factors that govern this analysis: "the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Of these, the reason for the late filing is the "most important of the factors." *Thompson v. E.I. du Pont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996); *accord Bredell v. Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008). Indeed, a failure to establish an appropriate "reason for the delay" often precludes a finding of "excusable neglect," even where each of the other factors weigh in the moving party's favor. *See Symbionics Inc. v. Ortlieb*, 432 F. App'x 216, 217, 219–20 (4th Cir. 2011) (agreeing with the district court that three of the four factors weighed in favor of the movant but nevertheless finding the district court abused its discretion in granting an extension because the "reason for the delay" was "an error associated with counsel's use of a computer calendar to calculate the deadline"); *Beam*, 2020 WL 1860396, at *2–3

(finding no "excusable neglect" even though "[t]hree of the factors identified by the Fourth Circuit weigh in [movant's] favor" because a "calendaring error[] . . . caused the late filing").

To establish a cognizable reason for the delay, the moving party must have "a reasonable basis for noncompliance with the specified time period." *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:06-CV-264, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006). Such a reasonable basis does not include "calendaring error[s]," as this is "precisely the sort of 'run-of-the-mill inattentiveness by counsel' that does not amount to excusable neglect." *Z.G. v. Pamlico Cnty. Pub. Sch. Bd. of Educ.*, No. 4:15-CV-183-D, 2019 WL 7987816, at *5 (E.D.N.C. Dec. 2, 2019), *report and recommendation adopted sub nom. Z.G. by & through C.G. v. Pamlico Cnty. Pub. Sch. Bd. of Educ.*, No. 4:15-CV-183-D, 2020 WL 815767 (E.D.N.C. Feb. 18, 2020); *see also Velasquez v. Salsas & Beer Rest., Inc.*, No. 5:15-CV-146-D, 2016 WL 3339488, at *1 (E.D.N.C. June 13, 2016) (Dever, J.) (crediting argument that "counsel's misinterpretation of the scheduling order does not constitute excusable neglect").

This body of law squarely forecloses Defendants' request to file an untimely brief here. The reason for Defendants' late filing—again, the "most important of the factors", *Thompson*, 76 F.3d at 534—is simply that Defendants mistakenly allotted themselves an extra nine days for their reply. [D.E. 635 at 2]. This is exactly the kind of "'run-of-the-mill inattentiveness by counsel' [that] does not demonstrate excusable neglect." *Long v. M&M Transp., LLC*, No. 3:13-CV-65, 2014 WL 12844184, at *2 (N.D.W. Va. Jan. 9, 2014); *see also Beam*, 2020 WL 1860396, at *3 (collecting cases finding "calendaring error[s]" insufficient to establish "excusable neglect"); *Z.G.*, 2019 WL 7987816, at *5–6 (same); *Velazquez*, 2016 WL 3339488, at *1–2 (same). The reason for this principle is plain—"[g]iven their heavy case loads," district courts need not permit counsel to "cavalierly disregard[]" case deadlines. *Velazquez*, 2016 WL 3339488, at *1–2.

Defendants' cases only confirm this result. *Ford Family* v. *United States Dep't of Def.*, for example, only granted plaintiffs' request for an untimely filing because "the reason for the delay [wa]s

Plaintiff's alleged disability." No. 5:21-CV-00357-M, 2021 WL 7082791, at *3 (E.D.N.C. Dec. 21, 2021). While such a disability—or the "medical incapacitation of . . . counsel"—may well constitute excusable neglect, *id.*, that is not the reason for Defendants' untimely filing here. Indeed, *none* of Defendants' cases involve a finding that a failure to track an unambiguous deadline, unaccompanied by more, constitutes a satisfactory "reason for the delay," *Thompson*, 76 F.3d at 533; *see Richardson v. United States*, No. 5:08-CV-620-D, 2010 WL 3855193, at *5 (E.D.N.C. Sept. 30, 2010) (crediting plaintiffs' explanation that supplemental expert opinions "could [not have been] provided . . . several months or more sooner than they [were], as defendant appears to suggest"); *Roesel v. United States Dep't of Health & Hum. Servs.*, No. 7:24-CV-409-FL, 2024 WL 4342152, at *1–2 (E.D.N.C. Sept. 27, 2024) (declining plaintiff's request for entry of default based on disputed one-day delay in filing where there was a "good faith disagreement between the sides" regarding the deadline); *Klett v. N. Carolina Dep't of Health & Hum. Servs.*, No. 5:23-CV-467-BO, 2024 WL 4229284, at *2 (E.D.N.C. Sept. 18, 2024) (permitting belated motion to dismiss caused by procedural "confusion over when the clock for a responsive pleading began ticking due to the minimal changes to plaintiff's complaint"); *Knechtges v. N. Carolina Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 5967588, at *2 (E.D.N.C. Aug. 1, 2023) (finding "excusable neglect" where oversight was due, in part, to "counsel's recovering from sickness").

In contrast to these cases, Defendants' explanation for their lateness is nothing more than a pure calendaring mistake—the kind of "error[]" that "[c]ourts in the Fourth Circuit have nearly uniformly held . . . cannot be considered excusable neglect." *Beam*, 2020 WL 1860396, at *3. That result is especially appropriate here, where Defendants have already fully briefed class certification—both before this Court and the Fourth Circuit. If nothing else, judicial efficiency counsels against permitting Defendants a (belated) second attempt at their third bite at the same apple. *See Velasquez*, 2016 WL 3339488, at *2 (warning that court-mandated deadlines do not constitute "frivolous piece[s] of paper,

idly entered, which can be cavalierly disregarded by counsel without peril").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion for leave for file a reply brief out of time.

Dated: February 18, 2025                Respectfully submitted,

/s/ *Theodore J. Leopold*
Theodore J. Leopold
Leslie Mitchell Kroeger
Rachael Flanagan
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
rflanagan@cohenmilstein.com

Jay Chaudhuri
N.C. Bar No. 27747
**COHEN MILSTEIN SELLERS & TOLL PLLC**
407 North Person St.
Raleigh, NC 27612
(919) 890-0560 Telephone
(919) 890-0567 Facsimile
jchaudhuri@cohenmilstein.com

S. Douglas Bunch
Alison Deich
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W., Suite 800
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
dbunch@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
Allen J. Hernandez
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com
ahernandez@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel

-6-
Case 7:17-cv-00189-D    Document 636    Filed 02/18/25    Page 7 of 9

**SUSMAN GODFREY, L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com

Gary W. Jackson
N.C. Bar No. 13976
**THE LAW OFFICES OF**
**JAMES SCOTT FARRIN, P.C.**
280 South Mangum Street, Suite 400
Durham, NC 27701
(919) 688-4991 Telephone
(800) 716-7881 Facsimile
gjackson@farrin.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035
(312) 613-0800 Telephone
(847) 478-0800 Facsimile
nhw@dedendumgroup.com

*Attorneys for Plaintiffs and the Class*

-7-
Case 7:17-cv-00189-D    Document 636    Filed 02/18/25    Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned electronically filed the foregoing document with the Clerk of Court using the ECF system, with notices of case activity to be generated and sent electronically to counsel of record who are registered to receive such service.

Dated: <u>February 18, 2025</u>

<u>/s/ *Theodore J. Leopold*</u>
Theodore J. Leopold