# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>            v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON,<br><br>    Defendants. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>            v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON,<br><br>    Defendants. | Civil Action No. 7:17-cv-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>            v.<br><br>E.I. du PONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC,<br><br>    Defendants. | Civil Action No. 7:17-CV-00201-D |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS REPRESENTATIVES'
UNOPPOSED MOTION FOR APPROVAL OF THE FORM AND MANNER
OF FIRST SUPPLEMENTAL CLASS NOTICE**

By Order dated October 4, 2023 (Dkt. No. 420), the Court certified this case to proceed as a class action (the "Class Certification Order").[1] Subsequently, on January 31, 2024, the Court issued its Order Approving the Form and Manner of Class Notice, to notify the certified Classes of the pendency of this case as a class action (the "Notice Order") (Dkt. No. 429). On July 12, 2024, the Court-appointed notice administrator, A.B. Data, Ltd. (the "Administrator"), filed an affidavit attesting to various efforts to disseminate notice to the Classes pursuant to the Notice Order (Dkt. No. 503).

Recently, in or about March 2025, at the direction of the North Carolina Department of Environmental Quality, Chemours expanded the eligibility for sampling for PFAS contamination in private drinking water wells around Defendants' Fayetteville Works facility. *See* North Carolina Department of Environmental Quality, "Well Sampling Information for Residents in Bladen, Cumberland, Harnett, Hoke, Robeson and Sampson Counties," *available at* https://www.deq.nc.gov/news/key-issues/genx-investigation/genx-information-residents (last visited May 21, 2025); *see also* North Carolina Department of Environmental Quality Expanded Well Sampling Information Session (April 1, 2025), *available at* https://www.youtube.com/watch?v=5DMp6h39glo (last visited May 21, 2025). In particular, approximately 150,000 additional residences have, as of March 2025, become eligible for private well testing in the expanded

---

[1] The Court certified two Classes pursuant to Fed. R. Civ. P. 23(b): (1) a "public utility" class, which consists of property owners or renters whose property is serviced by a public water utility servicing Bladen, Brunswick, Cumberland, New Hanover, or Pender Counties that draws water from or obtains water drawn from the Cape Fear River downstream of the Fayetteville Works plant; and (2) a "groundwater" class, which consists of property owners or renters whose property receives drinking water from a groundwater source with quantifiable concentrations of any of certain PFAS from the Fayetteville Works plant.

geographic testing area. *See id.* Additionally, between the time the initial list of groundwater class members was generated in January 2024 and the March 2025 announcement, Chemours continued to conduct additional testing of private groundwater wells. As a result of this testing, Chemours has identified approximately 1,521 households whose wells showed a positive detection of PFAS between January 2024 and June 10, 2025, such that associated property owners or renters may be eligible for class membership pursuant to the Class Certification Order. These property owners and renters have not previously received actual notice of pendency of the class action, as their names and addresses were not included in the list of addresses to which the Administrator disseminated actual notice pursuant to the Notice Order.

The parties agree that actual notice to such property owners or renters of their potential class membership is appropriate. Accordingly, Class Representatives bring this unopposed motion for entry of an order approving the proposed form and content of a first supplemental notice of pendency to be disseminated to such property owners or renters (the "Supplemental Notice Order"). A proposed Supplemental Notice Order is being filed contemporaneously herewith.

## I.     THE PROPOSED SUPPLEMENTAL NOTICE PROGRAM

The parties have met and conferred and agreed on the form and substance of the supplemental notice attached to the proposed Supplemental Notice Order as Exhibit 1 (the "Supplemental Class Notice"). This Supplemental Class Notice is substantially the same as the Postcard Notice authorized by the Court in its January 31 Notice Order. *See* Dkt. No. 428.

As set forth in the proposed Supplemental Notice Order, no later than 14 business days after entry of the Supplemental Notice Order, Defendants will provide to the Administrator, in electronic form such as Excel, the names, addresses, or other contact information (including email addresses) if available of all owners and renters of property with private drinking water wells that,

-3-

since January 2024, have been found to contain quantifiable concentrations of PFAS (the "June 2025 List"). Then, no later than 30 business days after entry of the proposed Supplemental Notice Order (the "Supplemental Notice Date"), the Administrator shall cause the Supplemental Class Notice to be mailed and/or emailed to all potential Class members on the March 2025 List.

The proposed Supplemental Notice Order also provides an opportunity for potential Class members on the June 2025 List to request exclusion from the Classes. A Class member on the June 2025 List who wishes to make such a request may submit the request in writing to the Administrator, postmarked no later than 60 calendar days after the First Supplemental Notice Date.[2] For avoidance of doubt, only potential Class members included on the June 2025 List may request exclusion; the Supplemental Notice Order does not allow a second opportunity for any Class member to opt out.

## II. FUTURE SUPPLEMENTAL NOTICE

The Class Representatives also hereby notify the Court that they may file additional motions for supplemental notice in the future. Testing of private drinking water wells around the Fayetteville Works facility under the expanded testing regime is ongoing, meaning not all properties in the expanded testing area have received test results indicating the presence or absence of PFAS in their drinking water wells. It is also possible that testing could be expanded beyond the geographic area identified in the June 2025 announcement by the North Carolina Department of Environmental Quality. Accordingly, it is likely that Class Representatives will file additional rounds of requests to issue supplemental notice. Supplemental notice is appropriate under such circumstances. *See, e.g.*, *Hill v. Cnty. of Montgomery*, No. 9:14-CV-00933, 2021 WL 2227796,

---

[2] The Court's January 31 Notice Order allowed 90 calendar days for Class members to submit requests for exclusion. A longer exclusion period was appropriate to allow time for public utilities to submit lists of their customers to the Administrator, a step not necessary here.

at *4 (N.D.N.Y. June 2, 2021) (noting that supplemental class notice had been issued following discovery of "a number of additional potential class members"); *Ridgeway v. Wal-Mart Stores, Inc.*, No. 8-CV-05221, 2016 WL 4529430, at *1 (N.D. Cal. Aug. 30, 2016) (noting that supplemental class notice had been issued following identification of "forty-two additional class members who were inadvertently not included in the previous class list"); *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 415 (D.N.J. 1988) (granting request to "mail[] notice to newly discovered class members").

To avoid burdening the Court with frequent requests for supplemental notice, the parties have agreed, and propose to the Court, that Class Representatives file any additional requests to issue supplemental notice on an as-needed basis, but at most every six (6) months.

### III.    CONCLUSION

Class Representatives respectfully request that the Court approve their proposed form and manner of Supplemental Class Notice, as set forth in the proposed First Supplemental Notice Order and its attached Exhibit 1.

Date:  June 16, 2025

Respectfully submitted,

/s/ Theodore J. Leopold
Theodore J. Leopold
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com

Jay Chaudhuri
N.C. Bar No. 27747
**COHEN MILSTEIN SELLERS**
**& TOLL PLLC**
407 N. Person St.

-5-

Raleigh, NC 27612
(919) 890-0560 Telephone
(919) 890-0567 Facsimile
jchaudhuri@cohenmilstein.com

Andrew Whiteman
N.C. Bar No. 9523
**WHITEMAN LAW FIRM**
5400 Glenwood Ave., Suite 225
Raleigh, NC 27612
(919) 571-8300 Telephone
(919) 571-1004 Facsimile
aow@whiteman-law.com

S. Douglas Bunch
Alison Deich
**COHEN MILSTEIN SELLERS
 & TOLL PLLC**
1100 New York Ave., N.W.
Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
dbunch@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana St.
Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel
**SUSMAN GODFREY, L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com

Gary W. Jackson
N.C. Bar No. 13976
**THE LAW OFFICES OF
 JAMES SCOTT FARRIN, P.C.**
280 S. Mangum St.
Suite 400
Durham, NC 27701
(919) 688-4991 Telephone
(800) 716-7881 Facsimile
gjackson@farrin.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035
(312) 613-0800 Telephone
(847) 478-0800 Facsimile
nhw@dedendumgroup.com

*Counsel for the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2025, I electronically filed the foregoing document with the Clerk of Court using the ECF system, with notices of case activity to be generated and sent electronically to counsel of record who are registered to receive such service.

*/s/ S. Douglas Bunch*
S. Douglas Bunch