UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON,<br><br>Defendants. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON,<br><br>Defendants. | Civil Action No. 7:17-cv-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>E.I. du PONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC,<br><br>Defendants. | Civil Action No. 7:17-CV-00201-D |

-1-

Case 7:17-cv-00189-D    Document 641    Filed 06/20/25    Page 1 of 7

## ORDER APPROVING THE FORM AND MANNER
## OF FIRST SUPPLEMENTAL CLASS NOTICE

WHEREAS, by Order dated October 4, 2023 (Dkt. No. 420), the Court certified the above-captioned action (the "Action") to proceed as a class action[1];

WHEREAS, on January 31, 2024 the Court issued an Order Approving the Form and Manner of Class Notice to notify the certified Classes of the pendency of the Action as a class action (the "Notice Order") (Dkt. No. 429);

WHEREAS, on July 12, 2024, the Court-appointed notice administrator, A.B. Data, Ltd. (the "Administrator"), filed an affidavit attesting to efforts to disseminate notice to the Classes pursuant to the Notice Order (Dkt. No. 503);

WHEREAS, since January 2024, continued and expanded testing of private drinking water wells around Defendants' Fayetteville Works facility has indicated that certain wells have a positive detection of PFAS (the "Expanded Testing Properties"), and, as a result, the associated property owners or renters of such Expanded Testing Properties may be eligible for class membership;

WHEREAS, property owners or renters of such Expanded Testing Properties were not identified as individuals who would receive actual notice pursuant to the Notice Order;

WHEREAS, the parties to this Action agree that it is appropriate for property owners or renters of the Expanded Testing Properties to receive actual notice about their potential class membership; and

---

[1] The Court certified two Classes pursuant to Fed. R. Civ. P. 23(b): (1) a "public utility" class, which consists of property owners or renters whose property is serviced by a public water utility servicing Bladen, Brunswick, Cumberland, New Hanover, or Pender Counties that draws water from or obtains water drawn from the Cape Fear River downstream of the Fayetteville Works plant; and (2) a "groundwater" class, which consists of property owners or renters whose property receives drinking water from a groundwater source with quantifiable concentrations of any of certain PFAS from the Fayetteville Works plant.

WHEREAS, the Court-appointed Class Representatives Victoria Carey, Marie Burris, and Brent Nix (collectively, "Class Representatives") have moved for, and Defendants do not oppose, the entry of an order approving the proposed form and content of a supplemental notice of pendency to be disseminated to such property owners or renters of the Expanded Testing Properties (the "Supplemental Notice Order");

NOW, THEREFORE, it is ordered as follows:

1. The Court approves the form, substance, and requirements of the supplemental notice attached hereto as Exhibit 1 (the "First Supplemental Class Notice").

2. No later than 14 business days after entry of this Supplemental Notice Order, EIDP, Inc. and The Chemours Company FC, LLC ("Defendants") shall, at no cost to Class Counsel, provide or cause to be provided to the Administrator, in electronic form such as Excel, names, addresses, or other contact information when available (including email addresses) of all owners and renters of property with private drinking water wells that, since January 2024, have been found to contain quantifiable concentrations of PFAS, but whose properties/addresses were not included as notice recipients pursuant to the Notice Order (the "June 2025 List").

3. No later than 30 business days after entry of this First Supplemental Notice Order (which shall be the "Supplemental Notice Date"), the Administrator shall cause the First Supplemental Class Notice, substantially in the form attached hereto as Exhibit 1, to be mailed via first-class mail, postage prepaid, and, if possible, emailed to all potential Class members on the June 2025 List.

4. Class members from the June 2025 List shall be bound by all determinations, orders, and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Classes in a timely and proper manner. A Class member on the

June 2025 List who wishes to make such a request shall submit the request in written form by mail to the Administrator at the address designated on the website for this case, www.NCPFASLitigation.com, postmarked no later than 60 calendar days after the Supplemental Notice Date. Such request for exclusion must:

   a. state the name, address, telephone number, and email address (if available) of the person or entity requesting exclusion;

   b. state that the Class member desires to be excluded from the class action *Nix v. The Chemours Co. FC, LLC*, No. 7:17-cv-00189; and

   c. be signed by the person or entity requesting exclusion or an authorized representative.

The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. For avoidance of doubt, only potential Class members included on the June 2025 List may request exclusion in this manner.

5. Plaintiffs shall bear the costs of the notice program set forth above, and Defendants shall have no responsibility for or involvement in the same except where indicated.

6. This First Supplemental Notice Order may be modified by the Court upon motion by either or both parties for good cause shown.

SO ORDERED. This **20** day of June, 2025.

JAMES C. DEVER III
United States District Judge

# Exhibit 1

## LEGAL NOTICE

**If the property you own or rent receives water from a public water utility or groundwater source containing chemicals from Fayetteville Works, you could be part of a class action lawsuit.**

Records show you could be affected by a class action lawsuit against E.I. du Pont de Nemours and Company and The Chemours Company FC, LLC ("the Defendants") that alleges that beginning in 1980, the Fayetteville Works plant, operated by the Defendants, discharged wastewater containing per- and polyfluorinated substances ("PFAS") into the Cape Fear River, contaminating the water. The Court decided that this case should be certified as a class action on behalf of two "Classes" or groups of people that could include you. The Court has not decided who is right. There is no money or other benefit available now and no guarantee there will be. **Note: this is supplemental notice directed to property owners or renters whose private drinking water wells have recently been found to contain a quantifiable concentration of PFAS, potentially qualifying them for class membership.**

DuPont Water Class Action Lawsuit
c/o A.B. Data, Ltd.
PO Box 173062
Milwaukee, WI 53217

PRE-SORTED
FIRST-CLASS
MAIL
AUTO
U.S. POSTAGE

**Postmaster: Please DO NOT Cover Up Barcode**

<<Barcode>>
<<NoticeID>>

<<Name1>>
<<Street1>>
<<City>>, <<State>> <<Zip>>

**What is this case about?** The lawsuit alleges that beginning in 1980, the Fayetteville Works plant, operated by the Defendants, discharged wastewater containing PFAS into the Cape Fear River, contaminating the water. As a result, the lawsuit alleges that drinking water was contaminated and water pipes were damaged. It alleges that PFAS can cause certain cancers and other diseases, and that people living close to the plant who drank the polluted water became sick because they were exposed to PFAS. The lawsuit also alleges the Defendants knew PFAS was dangerous and did not tell anyone that they released these chemicals into the Cape Fear River and the environment around the Fayetteville Works plant. The Defendants deny these claims and deny they did anything wrong. The lawyers for the Classes will have to prove their claims in Court.

**Are you included?** In this class action there are two Classes, and you are included if you are a property owner or renter whose property (1) is serviced by a public water utility servicing Bladen, Brunswick, Cumberland, New Hanover, or Pender Counties that draws water from or obtains water drawn from the Cape Fear River downstream of the Fayetteville Works plant ("Public Utility Class"); or (2) receives drinking water from a groundwater source with quantifiable concentrations of any of certain PFAS from the Fayetteville Works plant ("Groundwater Class"). There are also three damages subclasses: (1) current residential property owner-occupiers or renters who have not yet installed both reverse osmosis filters and new water heaters on their property ("Owner-Occupier/Renter Damages Subclass"); (2) property owners or renters who paid for bottled water, water heaters, and/or reverse osmosis filters from 2017 to present ("Purchaser Damages Subclass"); or (3) property owners who purchased their residential property prior to June 2017 and have not installed both reverse osmosis filters and new water heaters ("Long-Time Property Owner Damages Subclass").

**Who represents the Classes?** The Court has appointed a group of attorneys to represent the Classes as "Class Counsel." You do not have to pay Class Counsel or anyone else to participate. Instead, if Class Counsel recovers money or benefits for the Class(es), they will ask the Court for their attorneys' fees and expenses. If approved, these fees and expenses will be deducted from any money obtained for the Class(es) or paid separately by the Defendants. You may hire your own lawyer to appear in Court for you, but if you do, you have to pay that lawyer.

**What are your options?** To stay in the Class(es), you do not have to do anything. If money or benefits are obtained, you will be notified of how to request a share. If you stay in the Class(es), you will not be able to sue the Defendants on your own about the claims in this lawsuit. If you want to maintain your rights to sue on your own, you must exclude yourself by [Month 00, 2025] by following the procedure set forth on the website for the case, www.NCPFASLitigation.com. If you exclude yourself, you cannot get money or benefits from this lawsuit if any are awarded. **Note: this is supplemental notice directed to property owners or renters whose private drinking water wells have recently been found to contain a quantifiable concentration of PFAS, potentially qualifying them for class membership. Only these property owners or renters may now exclude themselves.**

**For more information: 1-877-495-0948**                                           **www.NCPFASLitigation.com**