# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al. <br><br>    Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont De Nemours and Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00201-D |

**Order on Motion to Extend Time**

Before the court is Defendants' Motion for an Extension of Time. D.E. 634. It requests that the court allow Defendants to file a reply in support of their motion for class decertification after they missed the deadline to do so. *Id.* The missed deadline was the result of a calendaring error by defense counsel. Errors of this sort do not qualify as the type of excusable neglect that entitle a party to an extension of time to act after a deadline has passed. So the court denies the motion.

## I.    Background

In December 2024, Defendants moved to decertify the class previously certified by the court. Mot., D.E. 629. With Defendants' consent, Plaintiffs requested a 9-day extension to file their response in opposition. Mot., D.E. 631. The court allowed Plaintiffs' motion. Dec. 26, 2024 Text Order.

Plaintiffs filed their response in opposition on January 17, 2025. Mem. in Opp'n, D.E. 632. Under the court's Local Civil Rules, if Defendants wanted to file a reply brief, they needed to do so by January 31, 2025. Local Civil Rule 7.1(g)(1). But they did not file their reply until February 8, 2025. Reply. D.E. 633.

After realizing their error, defense counsel withdrew the untimely reply brief and asked to be allowed to file their reply out of time. D.E 634. Appended to the motion is their proposed Reply. *See* D.E. 634–1. Plaintiffs oppose the motion. Resp. in Opp'n, D.E. 636.

## II.    Discussion

The Federal Rules of Civil Procedure allow a court to extend the time for a party to act if certain requirements are met. If a motion is made to extend a deadline before that deadline expires, the moving party need only show good cause for an extension. Fed. R. Civ. P. 6(b)(1)(B). But once a deadline has passed, the court may only extend the deadline "if the party failed to act because of

2

excusable neglect." *Id.* 6(b)(1)(B). Since Defendants seek to file a reply after the time to do so expired, the excusable neglect standard applies here

In considering whether excusable neglect caused a party's delay, the court assesses "the danger of prejudice [to the non-moving party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation omitted); *see also Bredell* v. *Kempthorne*, 290 F. App'x 564, 565 (4th Cir. 2008) (unpublished). "[T]he burden of demonstrating excusability lies with the party seeking the extension and *a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing*[.]" *Thompson* v. *E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) (emphasis in original), *superseded by rule on other grounds as stated in Haynes* v. *Genuine Parts Co.*, No. 1:13-CV-615, 2015 WL 8484448, at *2 (M.D.N.C. Dec. 9, 2015).

The Fourth Circuit has explained that the reason for the late filing is the "most important of the factors" in the excusable neglect analysis. *Thompson*, 76 F.3d at 534. The moving party must have "a reasonable basis for noncompliance within the specified time period." *Eagle Fire. Inc.* v. *Eagle Integrated Controls, Inc.*, No. 3:06-cv-264, 2006 WL 1720681, at *4 (E.D. Va. June 20, 2006).

And on this point Defendants fare poorly. Defendants state that the filing was untimely because they miscalculated the reply deadline. Courts in this circuit have nearly uniformly held that calendaring errors cannot be considered excusable neglect. *See Agnew* v. *United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (affirming a district court's denial of a motion to file an untimely brief based on a claim that counsel "mistakenly calendared the wrong date");

3

*Symbionics, Inc.* v. *Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (declining to find excusable neglect where a calendaring error caused plaintiff's filing to be one day late and holding "this neglect is precisely the sort of 'run-of-the-mill inattentiveness by counsel' that we have consistently declined to excuse in the past"); *Beam* v. *Se. Freight Lines, Inc.,* No. 5:18-CV-00124-D, 2020 WL 1860396, at *3 (E.D.N.C. Apr. 13, 2020), *aff'd*, 2020 WL 4912296 (E.D.N.C. Aug. 20, 2020); *Z.G.* v. *Pamlico Cty Pub. Schs. Bd. of Educ.*, No. 4:15-CV-00183-D, 2019 WL 7987816, at *5–6 (E.D.N.C. Dec. 2, 2019) (holding that a calendaring error does not rise to the level of excusable neglect); *Velazquez* v. *Salsas & Beer Rests., Inc.*, No. 5:15-CV-00146-D, 2016 WL 3339488, at *1–2 (E.D.N.C. June 13, 2016) (rejecting a calendaring error as a basis for excusable neglect); *Long* v. *M&M Transp., LLC*, No. 3:13-CV-65, 2014 WL 12844184, at *2 (N.D.W. Va. Jan. 9, 2014) (noting plaintiffs did not identify any "forces outside of their control that impacted their ability to calendar the correct date" in declining to find excusable neglect where late filing was caused by calendaring error). *But see Alvarez-Soto* v. *B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 622 (D. Md. 2017) (accepting "Plaintiff's representation of a calendaring error and conclud[ing] that the failure to respond to the Motions was the result of 'excusable neglect'").

These cases establish that an ordinary calendaring error does not rise to the level of excusable neglect that would allow the court to extend a deadline after it has passed. Thus, the court finds that Defendants have not established excusable neglect for missing the reply deadline and denies their motion.

### III. Conclusion

For these reasons, the court denies the Motion for an Extension of Time. D.E. 634. The court deems as withdrawn the untimely reply (D.E. 633).

4

Dated: July 3, 2025

Robert T. Numbers, II
United States Magistrate Judge