IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Brent Nix**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company FC, LLC**, et al.<br><br>    Defendants. | No. 7:17-CV-00189-D |
| **Roger Morton**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**The Chemours Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00197-D |
| **Victoria Carey**, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>**E.I. Du Pont De Nemours and Company**, et al.<br><br>    Defendants. | No. 7:17-CV-00201-D |

**Order on Motions to Seal**

Before the court are four Motions to Seal. D.E. 554, 556, 597, 600. For the reasons below, the court will grant three of the motions, and grant in part and deny in part a fourth motion.

I.  **Standard for Granting a Motion to Seal**

As with all aspects of the federal government, the federal courts belong to the people of the United States. And, as a result, the public has "a general right to inspect and copy . . . judicial records and documents." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Allowing public access to judicial records advances the public's "interest in ensuring basic fairness and deterring official misconduct not only in the outcome of certain proceedings, but also in the very proceedings themselves." *United States ex rel. Oberg* v. *Nelnet, Inc.*, 105 F.4th 161, 172–73 (5th Cir. 2024).

But the public's "right to inspect and copy judicial records is not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files, and" can deny the public access to those records and files when they may be used "for improper purposes." *Id.*

Parties regularly ask courts to shield judicial documents from the public eye. So to ensure that the public's right to access judicial records is not unduly limited, courts in the Fourth Circuit "must comply with certain substantive and procedural requirements" before granting a motion to seal. *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). At the outset, "the district court . . . must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). That source could be either the common law or the First Amendment. *Id.* at 575. Determining the appropriate source of the right of access is important because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does

2

the First Amendment.'" *Id.* (quoting *Rushford* v. *New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The court must also give the public notice and a reasonable chance to challenge the request to seal. *Id.* And it must "consider less drastic alternatives to sealing[.]" *Id.* Then, if it decides to seal documents, the court must make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

"As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal citation omitted). The right of access arises from either the common law or the First Amendment. *Id.* at 575. Determining the source of the right is essential because "the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.'" *Id.* (quoting *Rushford*, 846 F.2d at 253). But no matter which standard applies, the public's right to access judicial documents "may be abrogated only in unusual circumstances." *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).

Under the common law, there is a presumption for allowing the public to access judicial documents. *Rushford*, 846 F.2d at 253. A party can overcome that presumption if it can show that "countervailing interests heavily outweigh the public interests in access." *Id.* The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The Fourth Circuit has held that the public's right to access documents submitted in connection with a summary judgment motion arises out of the First Amendment. *Rushford*, 846 F.2d at 253 ("We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."). To overcome the public's First Amendment right of access, the moving party must show that the denial of access is "necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Wash. Post*, 386 F.3d at 575 (citing *Press–Enter. Co.* v. *Superior Court*, 478 U.S.1, 15 (1986)).

With these requirements in mind, the court turns to the motions to seal.

## II. Unopposed Motions

Three motions to seal (D.E. 556, 597, 600), and a portion of a fourth (D.E. 554), are unopposed. Despite the length of time these motions have been pending, no member of the public has objected to sealing the items at issue in those motions. All the documents at issue in those motions relate to a dispositive motion, so the public's right to access them arises out of the First Amendment. Given the lack of opposition to sealing from the parties and the public, the court concludes that compelling circumstances justify sealing these documents and that nothing short of sealing will protect that interest. So the court grants the motions at Docket Entries 556, 597, and 600 and grants the motion at Docket Entry 554 to the extent it is unopposed.

## III. Opposed Motion

The parties disagree about whether two data sets attached to an expert's report should be kept under seal. These documents include information on testing data for wells, taps, sediment,

and surface water of certain properties (D.E. 530) and hot water heater testing results (D.E. 531). Defendants argue that these materials are "non-public and sensitive" and point out that they "were designated as Highly Confidential or Confidential" under the protective order entered in this case. In response, Plaintiffs maintain that the materials are non-confidential, and that Defendants have not produced any evidence overcoming the public's First Amendment right of access to those documents.

Having considered the parties filings, the court agrees that Defendants failed to show that they can overcome the public's First Amendment's right to access these documents. Defendants offer nothing of substance to support request to keep these documents under seal. Instead, they recite conclusory language that the materials contain sensitive, non-public information. But "to have documents kept under seal, a party must do more than just assert that those documents contain sensitive business information—they must prove it." *Dew v. E.I. DuPont Nemours & Co.*, No. 5:18-CV-00073-D, 2024 WL 4906068, at *3 (E.D.N.C. Nov. 27, 2024) (citation omitted). So "it is not enough simply to assert this general principle without providing specific underlying reasons for the district court to understand how the" movant's interests "reasonably could be affected by the release of such information." *Id.* (quoting *Wash. Post*, 386 F.3d at 579). Instead, a movant must provide "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.* (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

Defendants fall short of this standard. Beyond their conclusory statements, they offered no evidence supporting their claim. Nor did they establish the potential harm they may suffer if the
5

information is disclosed. "Courts require more than conclusory assertions before granting a motion to seal." *Dew*, 2024 WL 4906068, at *3 (citation omitted).

Defendants also note that the filings have been designated as confidential or highly confidential under a protective order. Yet the court has observed that the parties' designation of the materials as confidential or highly confidential under a protective order has little relevance to whether to seal documents once they are filed on the docket. *See* Sept. 30, 2024 Order at 5–7, D.E. 595. So that designation, without more, is insufficient to overcome the public's First Amendment right to access these documents. *Id*.

Given the Defendants' failure to show that they are entitled to keep Docket Entries 530 and 531 under seal, the court denies their request to do so.

## IV. Conclusion

The court grants in part and denies in part the Motion to Seal (D.E. 554) as follows:

It denies the motion to seal (D.E. 554) as to Docket Entries 530 and 531. The materials at issue, however, will remain under seal for 14 days from entry of this order to allow either party to seek review of this order by a United States District Judge. 28 U.S.C. § 636(b)(1)(A). If either party seeks review, the materials will remain under seal until it is resolved. If neither party seeks review within the time allowed, the Clerk of Court shall unseal those documents without further order from the court.

The court grants the motion to seal (D.E. 554) in all other respects. The Clerk shall maintain the following documents under seal: D.E. 532, 537, 537–1, 537–2, 543, 546, and 549.

The court grants the Motions to Seal (D.E. 556, 597, 600). The Clerk shall maintain the following documents under seal: D.E. 553–2, 553–3, 553–4, 553–5, 553–6, 553–9, 553–10, 553–11, 568, 568–2, 568–6, 568–7, 568–9, 577, 577–2, 580–2, 588, 588–1, 588–7, 588–8, and 588–9.

And the Clerk shall docket the redacted versions of those materials, attached to the Declaration at Docket Entry 602 (D.E. 602–1 through 602–6).

Dated: July 22, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge