**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**

| | |
|---|---|
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, BRENT NIX, and ROGER MORTON, individually and on behalf of all others similarly situated, | Civil Action No. 7:17-cv-00189-D<br>Civil Action No. 7:17-cv-00197-D<br>Civil Action No. 7:17-cv-00201-D |
| Plaintiffs, | |
| v. | |
| THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON, | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING** |
| Defendants. | |

Defendants The Chemours Company FC, LLC and E.I. DuPont de Nemours and Company, Inc. (together, "Defendants"), by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion for Leave to File Supplemental Briefing.

In April 2024, the U.S. Environmental Protection Agency ("EPA") issued a rule under the Safe Drinking Water Act to regulate six per- and polyfluoroalkyl substances as drinking water contaminants (the "PFAS Contaminant Rule"). The PFAS Contaminant Rule regulates goals and standards for six PFAS compounds: PFOA, PFOS, PFNA, PFHxS, and HFPO-DA, as well as mixtures containing PFNA, PFHxS, HFPO-DA, and PFBS. *See "PFAS National Primary Drinking Water*

1

*Regulation,"* 89 Fed. Reg. 32532 (Apr. 26, 2024). However, on September 11, 2025, the EPA challenged parts of the PFAS Contaminant Rule by filing its Respondents' Motion for Partial Vacatur, (Document #2134523), ("Vacatur Motion") in *American Water Works Association v. U.S. Environmental Protection Agency* (Case No. 24-1188 and Consolidated Cases), pending before the federal D.C. Circuit Court of Appeals and attached to the Motion as **Exhibit 1**.

In the Vacatur Motion, the EPA states that "parts of the rulemaking process" for the PFAS Contaminant Rule were unlawful, rendering parts of the PFAS Contaminant Rule invalid. Ex. A at 1. The EPA accordingly moved the D.C. Circuit Court of Appeals to "vacate the portion of the Rule finalizing regulatory determinations and regulations for PFNA, PFHxS, and HFPO-DA individually and [PFNA, PFHxS, HFPO-DA, and PFBS] as mixtures." Ex. A at 22.

The EPA's statements concerning its own rules set forth in the Vacatur Motion, are relevant to arguments already briefed in connection with motions pending before this Court, including but not limited to Defendants' Motion to Exclude Expert Opinions of R. Bruce Gamble, [D.E. 526, D.E. 533], Defendants' Motion to Exclude Expert Opinions of David L. Duncklee, P.G., [D.E. 528], Defendants' Motion to Exclude Expert Opinions of Jamie DeWitt, Ph.D., [D.E. 560], Defendants' Motion to Exclude Expert Opinions of Roger Griffith, P.E., [D.E. 535], Defendants' Motion to Exclude Expert Opinions of Robert A. Michaels, Ph. D., [D.E. 538], Defendants' Motion for Partial Summary Judgment, [D.E. 550], and Defendants' Motion for Class Decertification, [D.E. 629] (collectively, the "Pending Motions"). As the Vacatur

Motion was filed after the Pending Motions were fully briefed, the parties did not have an opportunity to provide briefing on the relevance of the Vacatur Motion.

Accordingly, Defendants respectfully request that the Court grant each party leave to file short, supplemental briefing limited to addressing the Vacatur Motion, not to exceed five pages from Defendants collectively and not to exceed five pages from Plaintiffs collectively, in support of or in opposition to any pending motions that the parties contend are affected by the EPA's filing.

There is good cause to grant this motion because the presentation of this new, relevant information may assist the Court in its disposition of the Pending Motions. *See Myers v. Mercedes-Benz USA, LLC*, No. 23-CV-755, 2024 WL 3835076, at \*6 (E.D. Va. Aug. 15, 2024) ("District courts maintain discretion in determining whether to allow supplemental briefing[.]"); *see also United States v. Cisson*, 33 F.4th 185, 191 (2022) (establishing that supplemental briefs addressing the effect of intervening decisions on pending cases "obviate 'the risk of an improvident or ill-advised opinion being issued on an unbriefed issue.'" (quoting *United States v. Leeson*, 453 F.3d 631, 638 n.4 (4th Cir. 2006))).

Respectfully submitted, this the 22nd day of September, 2025.

/s/ Thomas H. Segars
Thomas H. Segars
N.C. State Bar No. 29433
Jonathan D. Sasser
N.C. State Bar No. 10028
Suraj Vege
N.C. State Bar No. 59878
**ELLIS & WINTERS LLP**
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000

3

Fax: 919-865-7010
tom.segars@elliswinters.com
jon.sasser@elliswinters.com
suraj.vege@elliswinters.com

Steven A. Scoggan
N.C. State Bar No. 46387
Scottie Forbes Lee
N.C. State Bar No. 50833
**ELLIS & WINTERS LLP**
300 North Greene Street, Suite 800
Greensboro, NC 27401
Telephone: (336) 217-4085
Facsimile: (336) 217-4198
steven.scoggan@elliswinters.com
scottie.lee@elliswinters.com

Kenneth J. Reilly
**SHOOK, HARDY AND BACON, LLP**
201 S. Biscayne Blvd
3200 Citigroup Center
Miami, FL 33131
Phone: 305-358-5171
Fax: 305-358-7470
kreilly@shb.com

Britta N. Todd
Andy Carpenter
Brent Dwerlkotte
**SHOOK, HARDY AND BACON, LLP**
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-559-2487
Fax: 816-421-5547
btodd@shb.com
acarpenter@shb.com
dbdwerlkotte@shb.com

*Attorneys for Defendant*

4