IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

BRENT NIX, et al.,                        )
                                          )
            Plaintiffs,                   )
                                          )
       v.                                 )   No. 7:17-CV-189-D
                                          )
THE CHEMOURS COMPANY FC, LLC, et al.,     )
                                          )
            Defendants.                   )

ROGER MORTON, et al.,                     )
                                          )
            Plaintiffs,                   )
                                          )
       v.                                 )   No. 7:17-CV-197-D
                                          )
THE CHEMOURS COMPANY, et al.,             )
                                          )
            Defendants.                   )

VICTORIA CAREY, et al.,                   )
                                          )
            Plaintiffs,                   )
                                          )
       v.                                 )   No. 7:17-CV-201-D
                                          )
E.I. DU PONT DE NEMOURS AND COMPANY,      )
et al.,                                   )
                                          )
            Defendants.                   )

**ORDER**

This case concerns the discharge of wastewater allegedly containing perfluorinated compounds by E.I. Du Pont de Nemours and Company ("DuPont") and The Chemours Company FC, LLC ("Chemours") (collectively, "defendants"). On May 18, 2022, Victoria Carey ("Carey"), Marie Burris ("Burris"), Michael Kiser ("Kiser"), and Brent Nix ("Nix") (collectively, "plaintiffs")

moved for class certification [D.E. 334]. On October 4, 2023, the court granted in part plaintiffs' motion for class certification [D.E. 420]. On September 30, 2025, the court issued its latest order, disposing of numerous motions to exclude expert testimony and denying without prejudice defendants' motions for partial summary judgment and for class decertification [D.E. 649].

Plaintiffs appeal a nondispositive order of United States Magistrate Judge Robert T. Numbers, II [D.E. 603, 619]. On September 30, 2024, Magistrate Judge Numbers granted defendants' motion for a protective order regarding the testimony of David L. Sunding ("Sunding") [D.E. 594]. On October 15, 2024, plaintiffs appealed Magistrate Judge Numbers's order [D.E. 603]. On October 29, 2024, defendants responded in opposition [D.E. 617]. On November 5, 2024, plaintiffs filed a "corrected" notice of appeal [D.E 619]. As explained below, the court affirms Magistrate Judge Numbers's order.

I.

The protective order prohibits plaintiffs from relying on Sunding's merits report and prohibits further discovery on that report. See [D.E. 594] 10. Magistrate Judge Numbers determined that Federal Rule of Civil Procedure 26(c)(1) authorized "any party," including defendants, to move for a protective order. See [D.E. 594] 4–5; Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters."). Magistrate Judge Numbers also determined that Rule 26(c)(1) permitted the issuance of such a protective order, reasoning that Rule 26(c)(1) gives "the court . . . the authority to provide whatever kind of relief is necessary to address a discovery issue." [D.E. 594] 5. On the merits, Magistrate Judge Numbers held that plaintiffs had not demonstrated that the damages theory advanced in

2

Sunding's merits report fell within the scope of the court's class certification order. See id. at 5–10. Specifically, Magistrate Judge Numbers reasoned that this damages theory was "distinct" from the certified damages theories, and therefore, outside the scope of discovery. Id. at 9–10; see Fed. R. Civ. P. 26(b)(1). Thus, Magistrate Judge Numbers granted defendants' motion for a protective order.

II.

The court may refer discovery disputes to a United States magistrate judge for resolution. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Civ. R. 72.3(b). A party may object to the magistrate judge's order within 14 days after being served with a copy. See Fed. R. Civ. P. 72(a); Local Civ. R. 72.4(a). The court shall "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A factual finding is clearly erroneous when the court is "left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citation omitted); see United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); TFWS, Inc. v. Franchot, 572 F.3d 186, 196 (4th Cir. 2009). A magistrate judge's order is contrary to law when "the magistrate judge has misinterpreted or misapplied applicable law." Cape Fear Pub. Util. Auth. v. Chemours Co. FC, LLC, No. 7:17-CV-195, 2025 WL 899327, at *3 (E.D.N.C. Mar. 24, 2025) (unpublished) (citation omitted); see Trudell Med. Int'l v. D R Burton Healthcare, LLC, No. 4:18-CV-9, 2021 WL 684200, at *3 (E.D.N.C. Feb. 22, 2021) (unpublished); Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). "Although the contrary to law standard permits plenary review of legal conclusions, decisions related to discovery disputes and scheduling are accorded greater deference." Cape Fear Pub. Util. Auth., 2025 WL 899327, at *3 (citation omitted); see Johnson v. City of Fayetteville, No. 5:12-CV-456, 2013 WL 4039418, at *3 (E.D.N.C. Aug. 6, 2013)

3

(unpublished); Trudell, 2021 WL 684200, at *3; In re Outsidewall Tire Litig., 267 F.R.D. 466, 470 (E.D. Va. 2010).

First, plaintiffs argue that Magistrate Judge Numbers misapplied Federal Rule of Civil Procedure 23 and Comcast Corp. v. Behrend, 569 U.S. 27 (2013), by granting defendants' motion for a protective order. See [D.E. 619-1]. Plaintiffs argue that Comcast established that "at the class certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case." [D.E. 619-1] 9 (quotations omitted). Plaintiffs argue they "indisputably meet" that requirement. Id. Plaintiffs also dispute the concerns that Magistrate Judge Numbers discussed in the protective order and argue that Magistrate Judge Numbers's failure to support his arguments with authority is "unsurprising, because the concern is meritless." Id. at 11.

The court rejects plaintiffs' arguments and affirms Magistrate Judge Numbers's order. In Comcast, the Supreme Court explained that "courts must conduct a rigorous analysis to determine whether" a party's damages theory comports with that party's liability case. 569 U.S. at 35 (cleaned up). Consistent with this requirement, Magistrate Judge Numbers explained that "[p]laintiffs must satisfy the court that the theory [advanced by Sunding's merits report] meets Rule 23's requirements. Since [plaintiffs] have not done so, they cannot pursue that damages theory at this point in the case." [D.E. 594] 7. Magistrate Judge Numbers explained that a contrary rule would permit plaintiffs to avoid Rule 23's requirements by relying on a damages theory at the merits stage that did not go through the certification process. See id. Plaintiffs' vitriolic response to Magistrate Judge Numbers's reasoning is surprising, given that the Supreme Court justified in part its holding in Comcast with a similar rationale. See 569 U.S. at 35–36 (rejecting the "logic" of the lower courts' interpretation of Rule 23, which "would reduce Rule 23(b)(3)'s predominance

4

requirement to a nullity"); cf. [D.E. 619-1] 11 (characterizing the protective order's reasoning as unique and "meritless"). Plaintiffs fail to establish that Magistrate Judge Numbers's misinterpreted or misapplied the applicable law.

Second, plaintiffs argue that Magistrate Judge Numbers acted ultra vires when he issued a protective order under Rule 26(c)(1) prohibiting reliance and further discovery on Sunding's merits report. Plaintiffs argue that a court can only issue a protective order under Rule 26(c)(1) to protect a party from a then-pending discovery request, and that Rule 26(c)(1)'s list of orders which a court may enter "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" is exclusive. Fed. R. Civ. P. 26(c)(1); see [D.E. 619-1] 14–15.

The court rejects plaintiffs' arguments. The protective order relates to discovery because it prohibits reliance upon or further discovery on an expert report which is irrelevant to the claims or defenses at issue in the case. See Fed. R. Civ. P. 26(b)(1), (c)(1)(A), (c)(1)(C). Moreover, Magistrate Judge Numbers properly concluded that the text of Rule 26(c)(1) does not limit protective orders to discovery requests, and that the phrase "including . . . inquiry into certain matters" in Rule 26(c)(1) does not suggest that it is exclusive. See [D.E. 594] 5. Plaintiffs attempt to escape this conclusion by relying on the associated word canon (i.e., noscitur a sociis) and the negative implication canon (i.e., expressio unius est exclusio alterius) of statutory construction. See [D.E. 619-1] 15. Plaintiffs argue that the associated word canon demands that Rule 26(c)(1) be interpreted to authorize protective orders only which "limit[] discovery." Id. But the protective order does just that. See [D.E 594] 10. Moreover, plaintiffs argue that the list of permissible protective orders in Rule 26(c)(1) is exclusive. See [D.E. 619-1] 15. It makes little sense, however, to apply the negative implication canon to Rule 26(c)(1)'s list, given that the rule states a protective order may issue "to protect a party or person from annoyance, embarrassment, oppression, or

5

undue burden or expense," and then lists various remedies "including . . . forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1). Thus, the court declines plaintiffs' invitation to ignore Rule 26(c)(1)'s text. Cf. Ashland Facility Operations, LLC v. NLRB, 701 F.3d 983, 994 (4th Cir. 2012) ("[D]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery.") (cleaned up); Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) (same). Plaintiffs fail to establish that Magistrate Judge Numbers misinterpreted or misapplied applicable law. Thus, the court affirms Magistrate Judge Numbers's order.

Alternatively, the court affirms Magistrate Judge Numbers's order because plaintiffs' appeal flagrantly violated this court's local rules. Plaintiffs' notice of appeal violated Local Civil Rule 72.4(a)(2), which provides that the statement of appeal from a nondispositive matter decided by a magistrate judge "must comply with the length limits of Local Civil Rules 7.2(f)(2)(B) and 7.2(f)(3)(B)." Local Civ. R. 72.4(a)(2); see Johnson v. Allen, No. 7:18-CV-14, 2019 WL 11316660, at *1 (E.D.N.C. Apr. 25, 2019) (unpublished), aff'd, 784 F. App'x 165 (4th Cir. 2019) (per curiam) (unpublished). Local Civil Rules 7.2(f)(2)(B) and 7.2(f)(3)(B) impose length limits of not more than 10 pages and not more than 2800 words. Plaintiffs' appeal is over 20 pages and 6500 words long.

In opposition, plaintiffs attempt to excuse their conduct by arguing that the appeal is not of a "discovery motion." [D.E. 619] 2. Local Civil Rule 72.4(a)(2), however, is not limited to appeals of a magistrate judge's disposition of a discovery motion. See Local Civ. R. 72.4(a)(2). Plaintiffs filed their corrected notice of appeal only after defendants responded in opposition. See [D.E. 619]. Local Civil Rule 72.4(a)(3) required plaintiffs to seek leave of court before filing a reply. See Local Civ. R. 72.4(a)(3). Plaintiffs did not seek leave of court to file their "corrected" notice

6

of appeal. See [D.E. 619]. In short, plaintiffs trampled this court's local rules. The court expects more from counsel. Cf. [D.E. 420] (appointing plaintiffs' counsel as lead class counsel).

III.

In sum, the court AFFIRMS Magistrate Judge Numbers's order granting defendants' motion for a protective order [D.E. 594].

SO ORDERED. This 7 day of October, 2025.

JAMES C. DEVER III
United States District Judge