# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated, | Civil Action No. 7:17-CV-00189-D |
| Plaintiff, | |
| v. | |
| THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. du PONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON, | |
| Defendant. | |
| ROGER MORTON, individually and on behalf of all others similarly situated, | Civil Action No. 7:17-cv-00197-D |
| Plaintiff, | |
| v. | |
| THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. du PONT de NEMOURS AND COMPANY, INC., E.I. du PONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON; | |
| Defendants. | |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated, | Civil Action No. 7:17-CV-00201-D |
| Plaintiffs, | |
| v. | |
| E.I. du PONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC, | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING**

By their motion for leave to file supplemental briefing ("Motion"), Defendants The Chemours Company FC, LLC and E.I. du Pont de Nemours and Company, Inc. ("Defendants") ask this Court to order a briefing schedule under which both parties would file five-page briefs whose purpose, according to Defendants, is to "supplement" nine of Defendants' previously filed motions. The subject matter of the proposed supplemental briefs is a motion for partial vacatur recently filed by the U.S. Environmental Protection Agency (the "EPA Brief") in the matter of *American Water Works Ass'n v. EPA*, No. 24-1188 (D.C. Cir.), which concerns a request by the EPA for the D.C. Circuit to partially vacate certain PFAS regulations promulgated by the EPA in April 2024. The D.C. Circuit has not acted on the EPA Brief; briefing is ongoing and the case is presently stayed pending the restoration of appropriations for the Department of Justice. *See* Order, No. 24-1188 (D.C. Cir., Oct. 3, 2025); Order, No. 24-1188 (D.C. Cir., Sept. 16, 2025).

Defendants' Motion should be denied. Defendants' request is moot because the Court's September 30, 2025 Order resolved the motions that Defendants identify for supplementation. Independent of mootness, Defendants do not satisfy (or attempt to satisfy) the good cause standard required for their requested relief, as Defendants do not explain why the EPA Brief is relevant to any issue addressed in the nine identified motions.

## ARGUMENT

The filing of supplemental briefs is "not provided for in the Federal Rules of Civil Procedure or this court's Local Rules." *McDuffie v. N. Carolina Dep't of Pub. Safety*, 2017 WL 4322817, at *7 (E.D.N.C. Sept. 28, 2017). Local Civil Rule 7.1, which governs motion practice, provides that moving parties may file a motion and memorandum in support; opposing parties may file a response; and "replies to responses," though permitted, "are discouraged." Local Civil Rule

7.1(e)-(g). Local Civil Rule 7.1(h) does allow a party to notify the Court of "subsequently decided controlling authority," but only if done "without argument" and "prior to the court's ruling." Although courts have general discretion to "regulate practice in any manner consistent with federal law, [the Federal Rules], and the district's local rules," Fed. R. Civ. P. 83(b), district courts will not abuse their discretion when denying requests to file supplemental briefs, particularly when, as here, the movant does not explain whether or how the purported supplement will affect any legal or factual question in dispute. *See Old White Charities, Inc. v. Bankers Ins., LLC*, 799 F. App'x 176, 178 (4th Cir. 2020) (no abuse of discretion in denying leave to file supplemental briefs on summary judgment).

At the outset, Plaintiffs do not object to Defendants providing the Court with notice of the EPA Brief as "supplemental authority" pursuant to Local Civil Rule 7.1(h). Although the EPA Brief does not strictly qualify as "supplemental authority" under Rule 7.1(h) given that it is not "subsequently decided controlling authority," Plaintiffs do not object to the EPA Brief being placed on the docket, as Defendants have already done. *See* [D.E. 647-1.]

Plaintiffs instead object to Defendants' request that the Court issue an "Order granting each party leave to file short, supplemental briefing limited to addressing the EPA's filing, not to exceed five pages from Defendants collectively and not to exceed five pages from Plaintiffs collectively, in support of or in opposition to any pending motions that the parties contend are affected by the EPA's filing." Mem. at 2. This is so for two main reasons.

*First*, Defendants' request is moot. The motions that Defendants identify as potential candidates for "supplementation" are: (1) Defendants' *Daubert* motions seeking to exclude certain expert opinions of Bruce Gamble, David Duncklee, Jamie DeWitt, Roger Griffith, and Robert Michaels [D.E. 526, 533, 528, 560, 535, 538]; and (2) Defendants' Motion for Partial Summary Judgment and Motion for Class Decertification [D.E. 550, 629]. The *Daubert* motions were

resolved by the Court's September 30, 2025 Order. *See* [D.E. 649] at 63. The only *Daubert* motion not fully resolved by the Court's order was Defendants' motion directed to Ruth Albright [D.E. 541], which is not a motion that Defendants seek to supplement based on the EPA Brief. *See* [D.E. 648]. The Court's order also denied without prejudice Defendants' Motion for Partial Summary Judgment and Motion for Decertification. *See* [D.E. 649] at 63. Defendants' Motion is moot and may be denied on that basis.

*Second*, by their Motion, Defendants independently do not establish good cause for directing both parties to file "supplemental briefs" addressing the EPA Brief. Defendants do not explain the relevance of the EPA Brief to any issue presented in the aforementioned motions. *See* [D.E. 648]. Defendants assert without explanation that the EPA's statements in its brief "are relevant to arguments already briefed" in the subject motions, but do not explain why that is so or specify the arguments to which they refer.

It is not enough for Defendants to state that they will eventually explain the relevance of the EPA Brief in the supplemental briefing that they have requested. Defendants must instead explain the relevance of the proposed supplement in the Motion by which they seek leave to supplement. Without any explanation of the EPA Brief's relevance to any issue in this case, there are no grounds to find "good cause" for supplementation. *See Doe v. Hillsborough Twp. Bd. of Educ.*, 2024 WL 4028293, at *4 (D.N.J. Aug. 30, 2024) (denying motion for leave to file "supplemental briefing" where moving party failed to explain how it would be "appropriate and fair" under the circumstances and "relevant" to the issues in question). This is particularly so where Defendants suggest that Plaintiffs should also bear the burden of preparing a "supplemental brief."

Defendants' motion should therefore be denied.

3

Dated: October 14, 2025

/s/ *Stephen Morrissey*
Theodore J. Leopold
Leslie M. Kroeger
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
11780 U.S. Hwy. One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com

/s/ *Jay Chaudhuri*
Jay Chaudhuri
N.C. Bar No. 27747
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
150 Fayetteville St., Suite 980
Raleigh, NC 27601
(919) 890-0560 Telephone
(919) 890-0567 Facsimile
jchaudhuri@cohenmilstein.com

Andrew Whiteman
N.C. Bar No. 9523
**WHITEMAN LAW FIRM**
5400 Glenwood Ave., Suite 225
Raleigh, NC 27612
(919) 571-8300 Telephone
(919) 571-1004 Facsimile
aow@whiteman-law.com

S. Douglas Bunch
Alison Deich
**COHEN MILSTEIN SELLERS**
 **& TOLL PLLC**
1100 New York Ave., N.W.
Suite 800
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
dbunch@cohenmilstein.com
adeich@cohenmilstein.com

4

Vineet Bhatia
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana St., Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel
Floyd Short
**SUSMAN GODFREY, L.L.P.**
401 Union St., Suite 3000
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com
fshort@susmangodfrey.com

Gary W. Jackson
N.C. Bar No. 13976
**THE LAW OFFICES OF
JAMES SCOTT FARRIN, P.C.**
280 S. Mangum St.
Suite 400
Durham, NC 27701
(919) 688-4991 Telephone
(800) 716-7881 Facsimile
gjackson@farrin.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035
(312) 613-0800 Telephone
(847) 478-0800 Facsimile
nhw@dedendumgroup.com

*Attorneys for Plaintiffs and Lead
Counsel for the Class*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the undersigned electronically filed the foregoing document with the Clerk of Court using the ECF system, with notices of case activity to be generated and sent electronically to counsel of record who are registered to receive such service.

Dated:  October 14, 2025                                        /s/ *Stephen Morrissey*