# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENT NIX, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 7:17-CV-189-D |
| THE CHEMOURS COMPANY FC, LLC, et al., | ) | |
| Defendants. | ) | |
| ROGER MORTON, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 7:17-CV-197-D |
| THE CHEMOURS COMPANY, et al., | ) | |
| Defendants. | ) | |
| VICTORIA CAREY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 7:17-CV-201-D |
| E.I. DU PONT DE NEMOURS AND COMPANY, et al., | ) | |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

This order governs future proceedings in this action. The trial is set to begin on Thursday,

March 4, 2027, in courtroom one of the Terry Sanford Federal Building and United States

Courthouse, Raleigh, North Carolina. Jury selection shall begin at 10:00 a.m. The case will take no more than five trial days. The court will set and enforce time limits on each side.

By Monday, November 2, 2026, the parties shall complete supplementation of fact discovery. Any supplemental depositions of the class representatives shall be limited to one-and-a-half hours on the record per witness.

By Monday, November 9, 2026, plaintiffs shall serve any supplemental expert reports. By Tuesday, December 1, 2026, defendants shall serve any supplemental expert reports. Any supplemental expert deposition must be taken by Tuesday, December 15, 2026. Any supplemental expert deposition shall be confined in scope to questions relating to the expert's supplemental report.

Any motion seeking collateral estoppel on issues resolved in other cases before the court shall be filed by Tuesday, December 15, 2026. Memoranda in support of such motions are limited to 15 pages. Responses shall be filed by Tuesday, December 22, 2026. Responses are limited to ten pages. No replies are permitted.

All motions to exclude testimony of expert witnesses under Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar precedent shall be filed by Tuesday, December 22, 2026. Memoranda in support of such motions are limited to eight pages. Responses shall be filed by Tuesday, January 12, 2027. Responses are limited to eight pages. No replies are permitted.

The parties shall exchange proposed motions in limine by December 22, 2026. The parties shall confer regarding motions in limine by January 4, 2027. Each party may file one omnibus motion in limine by Tuesday, January 12, 2027. The motion is limited to five pages. Any accompanying memorandum in support is limited to the discrete issues on which the moving party

2

seeks the court's ruling. Memoranda in support are limited to 25 pages. Responses shall be filed by Tuesday, January 26, 2027. Responses are limited to ten pages. No replies are permitted.

By Tuesday, December 22, 2026, the parties shall serve their exhibit lists, witness lists, and deposition designations for issues on which they bear the burden of proof. By January 12, 2027, the parties shall exchange objections to exhibits and deposition designations, and counter-designations. By January 26, 2027, the parties must notify the court whether it will be necessary for the court to rule on any dispute regarding video depositions or other deposition excerpts anticipated to be used and for which the parties have been unable to reach agreement concerning editing. See Local Civil Rule 16(b)(2).

Under Federal Rule of Civil Procedure 16(e), a final pretrial conference shall be held on Monday, February 22, 2027, at 1:00 p.m., in courtroom one of the Terry Sanford Federal Building and United States Courthouse, Raleigh, North Carolina. Each party appearing in this action must be represented at the final pretrial conference by the attorney who is to have charge of the conduct of the trial on the party's behalf. Adherence to this order's time requirements, some of which deviate from the deadlines provided for in the Local Rules, is necessary for in-chambers preparation for the final pretrial conference and the trial.

Continuance of the pretrial conference at a party's request is highly unlikely. Counsel should plan to do the necessary pretrial work in a manner that will ensure its completion before the final pretrial conference. At the final pretrial conference, the court anticipates that it will:

1. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

2. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

3

3. Preview proposed testimony and exhibits, and rule on contested issues of law, anticipated evidentiary objections, and motions in limine to the extent possible in advance of trial.

4. Discuss generally the nature of the parties' proposed jury instructions and verdict form, to discern areas of agreement and disagreement.

Not later than Monday, February 8, 2027, the parties shall submit to chambers memoranda of authorities on all anticipated evidentiary questions and on all contested issues of law. These memoranda shall be no longer than 20 pages. No responses are permitted. Any motions related to the admissibility of evidence are also due on that date.

This action involves a jury trial. The parties shall confer and prepare a set of joint proposed jury instructions. By Monday, February 8, 2027, the parties shall jointly file proposed jury instructions. Where there is disagreement as to any instruction, this jointly prepared submission shall disclose the basis for a party's objection and, if applicable, each party shall submit a proposed alternative instruction. See Local Civil Rule 51.1.

The parties' joint submission of jury instructions shall include a proposed verdict form. If there is a disagreement as to the verdict form, this jointly prepared submission shall disclose the basis for a party's objection and shall include each party's proposed alternative verdict form.

The court will conduct the examination of prospective jurors. Not later than Monday, February 8, 2027, counsel shall file any proposed voir dire questions. See Local Civil Rule 47.1(b). The court will read a brief statement of the case to the prospective panel of jurors before commencement of voir dire. Counsel shall jointly file a proposed brief statement of the case not later than Monday, February 8, 2027.

4

Not later than Monday, February 8, 2027, the parties shall submit to chambers (but not file) copies of all exhibits, properly bound. See Local Civil Rule 39.1(b)(2).

The final pretrial conference is an opportunity to prevent wasting trial time on pointless or undisputed matters. The parties shall be prepared to address how to streamline the trial, including but not limited to presentation of testimony by deposition excerpts and stipulations.

Not later than Monday, February 8, 2027, counsel shall jointly submit to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b)(1). This submission shall comply with the form specified in Local Civil Rule 16.1(c).

Because the trial may involve a significant number of exhibits, the court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be clarified during its presentation. With respect to presenting exhibits to the jury, counsel shall use (if possible) computer technology. Such technology avoids the need of handing exhibits to the jurors. Before trial, counsel shall familiarize himself or herself with the courtroom's technology. Of course, counsel also shall provide a hard copy of exhibits to the clerk. See Local Civil Rule 39.1(b).

This order shall not be modified except by leave of the court upon a showing of good cause. The court expects the parties to abide by these deadlines. Furthermore, all requirements set forth in the court's Local Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED. This _l_ day of June, 2026.

JAMES C. DEVER III
United States District Judge

5