# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, BRENT NIX, and ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>THE CHEMOURS COMPANY FC, LLC and E.I. DU PONT DE NEMOURS AND COMPANY, INC.,<br><br>                Defendants. | Civil Action No. 7:17-cv-00189-D<br>Civil Action No. 7:17-cv-00197-D<br>Civil Action No. 7:17-cv-00201-D |

## DEFENDANTS'[1] MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON TRESPASS LIABILITY

This Court should deny Plaintiffs' Motion [D.E. 675] because: 1) Class decertification is warranted; 2) none of the three class representatives have standing to assert a trespass claim supporting the relief they seek; and 3) the issue of Dr. Burris's contributory negligence remains to be determined by the jury. Alternatively, any judgment on liability should be accompanied by a judgment of no actual damages, resulting in only a nominal award to members of the class.

First, Defendants respectfully suggest that the appropriate course of action would be to decertify the class because the class representatives are either no longer members of the classes they purport to represent or have suffered none of the damages these classes seek to recover. Should the Court elect not to decertify the classes, Defendants concede that this Court's prior analysis in *Dew v. E.I. du Pont de Nemours and Company*, No. 5:18-cv-73-D, 2025 WL 1174727

---

[1] The Chemours Company FC, LLC, The Chemours Company (together "Chemours"), and EIDP, Inc., f/k/a E.I. DuPont de Nemours and Company, Inc. ("Defendants").

(E.D.N.C. Mar. 31, 2025), would compel liability for certain historic trespasses of FW PFAS on Mr. Nix and Ms. Carey's properties. However, the class representatives lack standing to recover any prospective relief sought by the classes, i.e., water heater replacement or filtration costs. Dr. Burris cannot bring a claim for a trespass to property she has never occupied, and Mr. Nix and Ms. Carey have either moved out of the class area or have no evidence that FW PFAS are currently entering their properties. As such, Dr. Burris is entitled to *no* damages, and the damages Mr. Nix and Ms. Carey may receive are nominal at most. Fundamentally, none of the class representatives have standing to support claims for trespass sufficient to warrant the prospective damages plaintiffs seek—replacement water heaters and installation of reverse osmosis filters. Finally, with respect to the Groundwater Class, the potentially dispositive issue of Dr. Burris's contributory negligence remains to be adjudicated by the jury before summary judgment may be entered. For these reasons, Plaintiffs' Motion should be denied. In the alternative, an order granting summary judgment in favor of the classes but granting summary judgment in favor of Defendants on the issue of damages and awarding only nominal damages to the classes would be appropriate.

## I. The Classes Should Be Decertified.

The issues presented by Plaintiffs' motion underscore the necessity of class decertification as individual issues predominate this litigation. As detailed in Defendants' motion for decertification and supplemental briefing, the class representatives are inadequate, atypical, and unable to prove causation, injury, and damages on a class-wide basis through common evidence. [D.E. 679 at 7–13]. A class representative cannot represent a class seeking damages that the class representative himself cannot recover. *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." (quoting *Schlesinger v. Reservists Comm. to Stop*

2

*the War*, 418 U.S. 208, 216 (1974))). This point is highlighted further by comparing the relief sought by the certified classes to the claims available and damage incurred to the class representatives.

As an initial matter, Plaintiffs lack a class representative for the public utility class that is currently a class member. A class member is either a property owner or renter whose property: 1) is serviced by a public water utility servicing Bladen, Brunswick, Cumberland, New Hanover, or Pender Counties that draws water from or obtains water drawn from the Cape Fear River downstream of Fayetteville Works; or 2) receives drinking water from a groundwater source with quantifiable concentrations of any of the Fayetteville Works PFAS. [D.E. 420 at 36].

- Mr. Nix no longer lives in the area and as such, is no longer a class member. [D.E. 551 at 15-17]; [D.E. 630 at 13-14 of 29].

- Ms. Carey receives drinking water from a public water utility that draws its water from a source other than the Cape Fear River and, as such, is no longer a class member. [D.E. 551 at 21].

- Dr. Burris moved out of the class area in 2015 (keeping her class area groundwater property as a rental property) and opted to move back to the class area in 2022 to a property serviced by a public utility—the Fayetteville Public Works Commission. [D.E. 551 at 15-17]; [D.E. 630 at 13-14 of 29]. Dr. Burris has no knowledge of where the public utility for her class area residence sources its water, but the FPWC sources its water from Glenville Lake and Hoffer Water Treatment Facility. [D.E. 551 at 15-17]; Defendants' Supplemental Response and Counterstatement of Material Facts as to Plaintiffs' Motion for Partial Summary Judgment ¶ 1. Both facilities are upstream of Fayetteville Works, meaning Dr. Burris' class area

residence does not qualify Dr. Burris as a class member. Defendants' Supplemental Response and Counterstatement of Material Facts as to Plaintiffs' Motion for Partial Summary Judgment ¶ 1.

As each class representative is no longer a member of the Public Utility Class, they cannot obtain the forward-looking relief sought by the class.

The same is true for the Groundwater Class. While Dr. Burris is technically a member of the groundwater class as her rental property receives drinking water from a groundwater source that contains FW PFAS, she does not fall into any of the three certified subclasses as the rental property has already had a water filtration system installed by Chemours, she has never paid for bottled water for the tenant of this property, and she has no evidence there is FW PFAS in her rental property's water heater. [D.E. 551 at 11, 15-17]; [D.E. 630 at 13-14 of 29].

Regardless of what historical trespass may have occurred, none of the class representatives are currently class members and as such are neither currently incurring a trespass nor are they entitled to the forward-looking relief sought by the classes—replacement water heaters and water filtration systems. The classes should be decertified to allow individual class members to attempt to prove their own claims individually if they choose to do so, unburdened by the limitations of the class representatives.

## II. Plaintiffs' Motion for Summary Judgment Should Be Denied Because Plaintiffs Lack Standing.

For the same reasons that none of the class representatives are currently class members, each of the class representatives lacks standing to bring their forward-looking trespass claims. Absent standing, there can be no recovery. The first element of standing is "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560

4

(1992) (citations omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Therefore, a party must have a legally protected interest to satisfy federal standing requirements. A party that has not suffered an injury to a legally protected interest lacks standing, and if a party lacks standing, the judiciary may not interfere. *Id.* (noting that standing "set[s] apart the 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III"). "[W]here state-created interests are at issue," federal courts rely on state law to determine whether the plaintiff has a legally protected interest and whether that interest has been invaded. *See Higdon v. Lincoln Nat'l Ins. Co.*, 514 F. Supp. 3d 773, 779 (D. Md. 2021); *see also, e.g.*, *Gen. Tech. Applications, Inc v. Exro, Ltda.*, 388 F.3d 114, 118 (4th Cir. 2004) ("A litigant bringing a diversity action (or seeking removal on that basis) can have no greater ability to assert legal rights created under state law than it would have in the state forum."); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 943 (S.D. Cal. 2007) ("Here, Plaintiff's cause of action arises under state law. To the extent state law does not recognize Plaintiff's standing, she would lack a 'legally protected interest' and would thus lack standing under federal law.")

As set forth in Defendants' Memorandum in Support of Their Motion for Partial Summary Judgment [D.E. 551], none of the class representatives have standing to pursue a claim for trespass:

- Mr. Nix moved out of the class area in February 2020. [D.E. 551 at 15-17, 21].

- As of May 30, 2023, Ms. Carey's water provider, H2GO, sources its water from an aquifer free of manmade contaminants, including any PFAS chemicals. [D.E. 551 at 18, 21]. Ms. Carey has no knowledge or information indicating that there is FW PFAS in the water provided by H2GO and has not had the water or the water heater on her property tested for PFAS since 2021. [D.E. 552 ¶¶ 53-55].

- Dr. Burris moved out of the class area in 2015 and chose to move back in 2022. [D.E. 551 at 15-17, 21]. While living outside the class area, Dr. Burris rented her class area property at no cost to a tenant. *Id.* Dr. Burris never purchased bottled water for the tenant and this property was already provided a GAC water filtration system installed and monitored for free by Chemours. *Id.* Despite joining this lawsuit in 2018, Dr. Burris moved back to the class area in 2022, but has never researched where her water provider sources its water, never tested her water or water heater for PFAS, and otherwise lacks any knowledge or information as to the presence of FW PFAS on this property. *Id.* at 16-17, 21-22.

And while a landowner who has the exclusive right to possession of his or her property has standing to sue for trespass even in the absence of actual damages, that landowner must actually own and have possession of the property to maintain standing to sue. *See Comm. to Elect Dan Forest v. Emps. Pol. Action Comm. (EMPAC)*, 260 N.C. App. 1, 7 (2018); *Woodring v. Swieter*, 180 N.C. App. 362, 367 (2006) (holding that plaintiff lacked standing to assert a trespass claim because he had conveyed all interest in the property); *Farrington v. WV Invs., LLC*, 296 N.C. App. 324, 330 (2024) ("A plaintiff must prove three elements to establish a claim for real-property trespass: (1) that the defendant caused actual damage to the plaintiff, (2) by entering the plaintiff's real property without authorization, (3) which the plaintiff contemporaneously possessed at the time of the alleged trespass." (citation and quotation marks omitted)). Possession is distinct from ownership and may be actual or constructive:

> Actual possession of land consists in exercising acts of dominion over it, and in making the ordinary use of it to which it is adapted, and in taking the profits of which it is susceptible. * * * Constructive possession is that theoretical possession which exists in contemplation of law in instances where there is no possession in fact. *When land is not in the actual enjoyment or occupation of anybody*, the law

6

> declares it to be in the constructive possession of the person whose title gives him the right to assume its immediate actual possession.

*Matthews v. Forrest*, 235 N.C. 281, 284 (1952) (emphasis added) (quoting *State v. Baker*, 231 N.C. 136, 139 (1949)).

Fundamentally, when land is in the actual possession of another, the landowner's title to the land does not confer standing to sue for trespass. *See Att'y Gen. v. Dime Sav. Bank of N.Y., FSB*, 413 Mass. 284, 288-89, 596 N.E. 2d 1013, 1016 (1992) (collecting cases and noting that "[c]ourts . . . have concluded that, for the purposes of a trespass action, there can be no constructive possession by an owner of property actually possessed by another").

Mr. Nix has no possession of property within the class area and lacks any such standing. Mr. Nix also has no evidence that any historical replacement of his water heater was necessary. [D.E. 630 at 12 of 29]. Dr. Burris similarly lacks standing to pursue a trespass claim for even her rental property, lack of damages notwithstanding, because she lacks any possessory interest to this property that she has rented out to another. And there is no evidence that Ms. Carey has been trespassed by the flow of PFAS-free water sources into her home, and as detailed in Defendants' briefing, there is no evidence that Ms. Carey's water heater sediment contains FW PFAS. [D.E. 630 at 11-12 of 29]. Each of the class representatives fails this basic standing requirement and is not entitled to even nominal damages for trespass. For this reason, *Defendants* are entitled to summary judgment with respect to all the trespass claims asserted on behalf of the groundwater class and the forward-looking trespass claims on behalf of the public utility class. Fed. R. Civ. P. 56(f)(1) (providing for summary judgment in favor of the non-movant). Should the Court choose to enter summary judgment in Plaintiffs' favor on the historic trespass claims, summary judgment allowing only nominal damages would be appropriate, too. As set forth previously, the classes fail

7

to identify any evidence of actual damages caused by any trespass to the property of their class representatives. [D.E. 551 at 11-14, 19-22].

**III. Plaintiffs' Motion for Summary Judgment with Respect to the Groundwater Class Should Be Denied Due to the Issue of Contributory Negligence.**

In addition to a lack of standing, it is undisputed that Dr. Burris, the sole representative of the Groundwater Class, moved out of the class area in 2015, filed this lawsuit in 2018, then moved back into the class area in 2022 to live with a friend on that friend's property. [D.E. 551 at 16]. To the extent Dr. Burris could possibly have standing to assert a trespass (or any other) claim, such a claim would be barred by contributory negligence. Contributory negligence is any negligence on the part of the plaintiff, such as this, which "joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Whisnant v. Herrera*, 166 N.C. App. 719, 722 (2004) (citation omitted). It is a complete bar to negligence claims. *Crawford v. Mintz*, 195 N.C App. 713, 717 (2009). This issue remains to be resolved before Dr. Burris can be entitled to summary judgment on her trespass claim on behalf of the groundwater class.

**IV. If the Court Elects to Enter Summary Judgment on Trespass Liability, Summary Judgment Awarding the Classes Only Nominal Damages Would Be Appropriate.**

Defendants recognize that, standing and contributory negligence issues notwithstanding, this evidence would be sufficient to grant summary judgment in Plaintiffs' favors as to liability for historic trespass under this Court's analysis in *Dew*. Dr. Burris' rental property has evidence of a single sampling event indicating the presence of Gen X in that property's groundwater. Ms. Carey and Mr. Nix have also presented historic evidence of FW PFAS in their tap water. But the analysis does not end there.

8

For the reasons set forth in Defendants' motion for summary judgment and motion for decertification, it is undisputed that there has never been evidence necessitating replacement water heaters because the sampling data used by Plaintiffs' experts cannot be extrapolated classwide and the historic testing data of the class representatives' properties fails to demonstrate that FW PFAS was in the water heater sediment of any of the class representatives' properties. [D.E. 551 at 11-13]; [D.E. 630 at 11-12 of 29]. In addition, Defendants would be entitled to summary judgment on liability for the classes' claims for all other PFAS compounds that were not detected on the property of their sole class representative, *i.e.* every compound other than Gen X. [D.E. 551 at 13-14].

If the Court is inclined to enter summary judgment on behalf of the classes for some trespass liability, summary judgment on damages—specifically allowing only nominal damages—also would be appropriate. As set forth previously, the classes fail to identify any evidence of actual damages caused by any trespass to the property of their class representatives. [D.E. 551 at 11-14]. For these reasons, the Court would properly award the classes only nominal damages if it determines the classes to be entitled to summary judgment on liability.

The fundamental issues with seeking classwide relief in this case could not be highlighted more brightly. The Court relied on the asserted typicality of the class relief as the basis for its certification decision. *Nix. v. Chemours Co., FC*, No. 7:17-CV-189-D, 2023 WL 6471690, at \*22 (E.D.N.C. Oct. 4, 2023) (stating that "[t]he alleged PFAS contamination of plaintiffs' water systems, and the need to replace water heaters or filters, is typical among the proposed classes"). The Court also relied on Plaintiffs' assertion of common proof as the basis for its certification decision. *Id.* at \*23 (stating that although "questions of whether quantifiable concentrations of PFAS are unsafe or toxic to humans may be relevant to the remedy (e.g., 'flushing' water systems

9

versus full replacement), the court can resolve this potential merits issue through common proof"). Plaintiffs have now disclaimed that common proof and cannot seek the purported common remedies of replacement water heaters or filtration, and are left with nothing more than the potential for individualized trespass damages based on whatever level and type of PFAS exposures each individual may or may not have experienced on their given property. It is apparent that the questions once believed common to the classes can no longer be uniformly answered. *Id.* at *20 ("Although the named plaintiff's claim does not have to be identical or perfectly aligned with absent members, 'plaintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim.'" (quoting *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466-67 (4th Cir. 2006))).

For these reasons, Defendants respectfully request that the Court either grant the class nominal damages for trespass liability or decertify the class and allow the class members to proceed unburdened by the claims of the class representatives.

Respectfully submitted, this the 22nd day of May, 2026.

/s/ Thomas H. Segars
Thomas H. Segars
N.C. State Bar No. 29433
Scottie Forbes Lee
N.C. State Bar No. 50833
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Facsimile: 919-865-7010
tom.segars@elliswinters.com
scottie.lee@elliswinters.com

Kenneth J. Reilly
*Specially Appearing Under Local Civil Rule 83.1(e)*
SHOOK, HARDY & BACON, L.L.P.
201 S. Biscayne Blvd.
3200 Miami Center

10

Miami, FL 33131
Phone: 305-960-6907
Facsimile: 305-385-7470
kreilly@shb.com

Britta N. Todd
*Specially Appearing Under Local Civil Rule 83.1(e)*
SHOOK, HARDY AND BACON, L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Phone: 816-559-2487
Facsimile: 816-421-5547
btodd@shb.com

**Attorneys for Defendants**

11