# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION

| | |
|---|---|
| BRENT NIX, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, and MICHAEL E. JOHNSON,<br><br>                  Defendants. | Civil Action No. 7:17-CV-00189-D |
| ROGER MORTON, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT de NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, ELLIS H. MCGAUGHY, AND MICHAEL E. JOHNSON,<br><br>                  Defendants. | Civil Action No. 7:17-CV-00197-D |
| VICTORIA CAREY, MARIE BURRIS, MICHAEL KISER, and BRENT NIX, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>   v.<br><br>E.I. DUPONT de NEMOURS AND COMPANY and THE CHEMOURS COMPANY FC, LLC,<br><br>                  Defendants. | Civil Action No. 7:17-CV-00201-D |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON TRESPASS LIABILITY

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

DISCUSSION.......................................................................................................1

    I.    Defendants' concessions on material factual issues confirm that summary judgment on trespass liability is warranted..................................1

    II.    Defendants' pivot to class-certification arguments misses the mark. ......................................................................................................2

    III.    All class members have standing to assert a trespass claim. .......................5

    IV.    Contributory negligence does not bar summary judgment in favor of the groundwater class....................................................................6

    V.    Damages should be determined at trial.......................................................7

CONCLUSION......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allapattah Servs., Inc. v. Exxon Corp.*,
 157 F. Supp. 2d 1291 (S.D. Fla. 2001), *aff'd*, 333 F.3d 1248 (11th Cir. 2003),
 *aff'd*, 545 U.S. 546 (2005) ...................................................................................................4

*BNT Co. v. Baker Precythe Dev. Co.*,
 151 N.C. App. 52 (2002) ........................................................................................................7

*Dew v. E.I. du Pont de Nemours & Co.*,
 2025 WL 1174727 (E.D.N.C. Mar. 31, 2025) ............................................................... *passim*

*E.I. du Pont de Nemours & Co. v. Nix*,
 Case No. 23-269 (4th Cir. Oct. 18, 2023), Doc. No. 2-1 .........................................................3

*Jenkins v. N. Carolina Dep't of Motor Vehicles*,
 244 N.C. 560 (1956) ...............................................................................................................6

*Krakauer v. Dish Network, LLC*,
 2017 WL 3206324 (M.D.N.C. July 27, 2017) ..........................................................................4

*Laufer v. Naranda Hotels, LLC*,
 60 F.4th 156 (4th Cir. 2023) ...................................................................................................5

*Moss v. Lane Co.*,
 471 F.2d 853 (4th Cir. 1973) ...............................................................................................5, 7

*Pearce v. Barham*,
 271 N.C. 285 (1967) ...............................................................................................................7

*Singleton v. Haywood Elec. Membership Corp.*,
 357 N.C. 623 (2003) ...............................................................................................................1

*Sosna v. Iowa*,
 419 U.S. 393 (1975)..............................................................................................................5, 7

*Woodring v. Swieter*,
 180 N.C. App. 362 (2006) .......................................................................................................5

*Youmans v. City of Hendersonville*,
 175 N.C. 574 (1918) ...............................................................................................................7

**INTRODUCTION**

Defendants concede that the evidence in this case is "sufficient to grant summary judgment in Plaintiffs' favors as to liability for historic trespass under this Court's analysis in *Dew*." *See* Defendants' Opposition to Plaintiffs' Motion for Summary Judgment on Trespass Liability [D.E. 690] ("Opp.") at 8. This concession resolves Plaintiffs' summary judgment motion, which seeks that exact ruling—namely, that, for the reasons this Court gave in *Dew*, Defendants' contamination of class properties with PFAS makes them liable for trespass as a matter of law.

Rather than meaningfully dispute Plaintiffs' entitlement to a trespass liability finding, Defendants seek different relief altogether—decertification of the class. Defendants' decertification arguments are as meritless as they have been on the multiple prior occasions when they urged these points and are, in any event, entirely orthogonal to trespass liability. At bottom, Defendants' response does nothing to raise genuine disputes as to any material fact or otherwise defeat Plaintiffs' summary judgment motion. The Court should grant Plaintiffs' motion for partial summary judgment and rule, as in *Dew*, that Defendants are liable for trespass as a matter of law.

**DISCUSSION**

**I.     Defendants' concessions on material factual issues confirm that summary judgment on trespass liability is warranted.**

This Court explained in *Dew* that a trespass claim requires: "(1) possession of the property by plaintiff when the alleged trespass was committed; (2) an unauthorized entry by defendant; and (3) damage to plaintiff." *Dew v. E.I. du Pont de Nemours & Co.*, 2025 WL 1174727, at *3 (E.D.N.C. Mar. 31, 2025) (quoting *Singleton v. Haywood Elec. Membership Corp.*, 357 N.C. 623, 627 (2003)). The plaintiff must also show that the defendant "acted with intent." *Id.*

Defendants' admissions demonstrate that these elements are satisfied. First, as Plaintiffs set forth in their Statement of Material Facts, "[a]ll class members possessed their properties during

1

Defendants' alleged trespass." [D.E. 677] ("SOMF") at 2 ¶ 1. Defendants respond that this fact is "[u]ndisputed." [D.E. 691] at 1. Plaintiffs also stated that "Defendants have intentionally released PFAS from Fayetteville Works since 1980." SOMF at 3 ¶ 6. Defendants respond that this fact is "[u]ndisputed." [D.E. 691] at 3. Plaintiffs also stated that "Fayetteville Works PFAS have flowed into every home that receives drinking water from affected treatment plants." SOMF at 2 ¶ 3. Defendants respond that it is "[u]ndisputed that drinking water supplied by water treatment plants will contain some level of FW PFAS if the treatment plant's source water contains FW PFAS." [D.E. 691] at 2. Plaintiffs also stated that "[a]pproximately 11,844 private wells are contaminated with Fayetteville Works PFAS." SOMF at 2 ¶ 4. Defendants respond that this fact is "[u]ndisputed." [D.E. 691] at 2. Plaintiffs also stated that "Defendants admitted at a 2017 public meeting that 'they have been aware since 1980, that GenX was released to the Cape Fear River as a byproduct,'" and that, "[b]y 2002 at the latest, DuPont specifically understood that PFAS air emissions could cause contamination in groundwater." SOMF at 3 ¶¶ 7, 9. Defendants respond that both of these facts are "[u]ndisputed." [D.E. 691] at 3–4.

This series of admissions leads Defendants to the inevitable concession that, "notwithstanding" their arguments on contributory negligence and standing (which Plaintiffs address below), the "evidence would be sufficient to grant summary judgment in Plaintiffs' favors as to liability for historic trespass under this Court's analysis in *Dew*." Opp. at 8. Plaintiffs agree. Defendants' arguments in opposition do not create any issues of fact that defeat summary judgment. For the reasons the Court gave in *Dew*, summary judgment on trespass liability as to both the public utility class and the groundwater class is warranted.

## II. Defendants' pivot to class-certification arguments misses the mark.

Rather than dispute Plaintiffs' entitlement to summary judgment on trespass liability, Defendants veer fully off course into a series of recycled arguments about class certification,

asking this Court for at least the third time to undo its long-ago decision to certify these classes. Like Defendants' arguments in the past—in opposing class certification in 2022, *see* [D.E. 342], in unsuccessfully seeking Fourth Circuit reversal of class certification in 2023,[1] in moving for class decertification in 2024, *see* [D.E. 630], and in re-urging their decertification arguments in their supplemental summary judgment submission in 2026, *see* [D.E. 679]—Defendants' arguments have no merit.

First, Defendants are wrong that "none of the class representatives are currently class members." Opp. at 4. Defendants assert that "Plaintiffs lack a class representative for the public utility class that is currently a class member," arguing that public utility class representatives Brent Nix and Victoria Carey are "no longer . . . class member[s]" because Mr. Nix no longer lives in the area and Ms. Carey's new water utility does not source its water from the Cape Fear River. *Id.* at 3. Defendants are wrong. In so arguing, Defendants misdescribe the public utility class, which is defined to include "any owner or renter of residential property ***from February 1, 2015 to present*** that . . . is serviced by a public water utility servicing Bladen, Brunswick, Cumberland, New Hanover or Pender Counties that draws water from or obtains water drawn from the Cape Fear River downstream of Fayetteville Works." [D.E. 420] at 38 (emphasis added); *see also* [D.E. 691] at 1 (Defendants admitting that this is the class definition). In asserting that Mr. Nix and Ms. Carey suddenly ceased to be class members, Defendants fail to acknowledge that the public utility class includes any residential owner or renter since February 1, 2015. There is no dispute that Mr. Nix and Ms. Carey fit this definition and are therefore public utility class members.[2]

---

[1]  *See* Petition for Permission to Appeal, *E.I. du Pont de Nemours & Co. v. Nix*, Case No. 23-269 (4th Cir. Oct. 18, 2023), Doc. No. 2-1.

[2]  Defendants also argue that class representative Marie Burris cannot represent the public utility class. Opp. at 3–4. This is of no moment; Dr. Burris represents the groundwater class.

As to the groundwater class, Defendants admit that Dr. Burris, the class representative, is a member of the class. *See* Opp. at 4 ("Dr. Burris is technically a member of the groundwater class as her rental property receives drinking water from a groundwater source that contains FW PFAS[.]"). Defendants contend that Dr. Burris is not a member of any damages subclass, but here too, they are wrong, and it is because they again ignore the class definitions. Even assuming the truth of Defendants' factual assertions about Dr. Burris's damages, *see id.*, those asserted facts say nothing about Dr. Burris's subclass membership. Namely, two of the three subclasses include property owners or renters who have not installed "both reverse osmosis filters and new water heaters" on their properties. [D.E. 420] at 36. It does not follow from Defendants' purported installation of a "water filtration system" at Dr. Burris's property that Dr. Burris has installed "both reverse osmosis filters and new water heaters" at her property, as would be required to exclude her from these damages subclasses. Nor does it follow from her purported failure to purchase bottled water that she is excluded from the purchaser damages subclass, which includes anyone who purchased "bottled water, water heaters, ***and/or*** reverse osmosis filters from 2017 to present." *Id.* (emphasis added). The class representatives and their claims remain adequate and typical, as they have always been.

It bears emphasizing what Plaintiffs have repeatedly explained in response to Defendants' prior iterations of these same arguments. First, differences among class members and class representatives are common and do not warrant decertification. Issues of class membership and class members' entitlement to damages are regularly handled through the claims administration process. *E.g.*, *Krakauer v. Dish Network, LLC*, 2017 WL 3206324, at \*6–7 (M.D.N.C. July 27, 2017) (discussing a post-trial claims administration process that ensures only verified class members receive the damages awarded); *Allapattah Servs., Inc. v. Exxon Corp.,* 157 F. Supp. 2d

1291, 1321–26 (S.D. Fla. 2001) (describing a claims administration process for a class with substantial variation among class member claims), *aff'd*, 333 F.3d 1248 (11th Cir. 2003), *aff'd*, 545 U.S. 546 (2005).

Second, even if there were shortcomings in the class representatives' abilities to represent the classes (though, here, there are not), the remedy would be to appoint new class representatives—not to decertify the class. Indeed, once a district court "certifie[s] the propriety of the class action, the class of unnamed persons described in the certification acquir[e] a legal status separate from the interest asserted by" the class representatives. *Sosna v. Iowa*, 419 U.S. 393, 399 (1975); *see also Moss v. Lane Co.*, 471 F.2d 853, 855 (4th Cir. 1973). For the reasons Plaintiffs have given at length in prior submissions, *see* [D.E. 632], [D.E. 686], decertification is inappropriate.

### III. All class members have standing to assert a trespass claim.

Defendants next attempt to launder their Rule 23 attacks on the class representatives through an Article III standing challenge. *See* Opp. at 4–7. Defendants contend that Plaintiffs lack standing because they do not sufficiently "possess" their properties. *See* Opp. at 6–7. This argument is defeated by Defendants' own admission in their response to Plaintiffs' Statement of Material Facts that "[a]ll class members possessed their properties during Defendants' alleged trespass." *See* [D.E. 691] at 1 (Defendants responding "Undisputed" to Plaintiffs' SOMF ¶ 1). That admission ends the inquiry.

Moreover, Defendants' arguments again fixate on developments relating to the class representatives in recent years. *See* Opp. at 5–7. Here, Defendants completely overlook the bedrock standing principle—articulated in Defendants' own authorities—that "[s]tanding is assessed at the time the complaint is filed." *Woodring v. Swieter*, 180 N.C. App. 362, 367 (2006); *see* Opp. at 6 (citing *Woodring*); *see also Laufer v. Naranda Hotels, LLC*, 60 F.4th 156, 161 (4th

Cir. 2023) (explaining that, when assessing standing, courts "must look to the facts at the time the complaint was filed" (citation omitted)). Defendants do not, and could not, challenge Plaintiffs' standing to sue for trespass—or any other claim, for that matter—based on the facts that existed when these claims were brought in 2017.

Moreover, Defendants' reliance on facts from 2020 and later again ignores the class definition, which includes any owner or renter of residential property *since February 1, 2015* who otherwise meets the class criteria, *see* [D.E. 420] at 38; *id.* at 36. Indeed, Plaintiffs' injury-in-fact is baked into the class definition, as the classes include only those homeowners or renters who receive their water from public utilities that source water from the Cape Fear River downstream of Fayetteville Works or receive drinking water from a groundwater source containing detectable levels of Fayetteville Works PFAS. *Id.* at 36. As explained above, there can be no dispute that all three class representatives are class members, meaning that they have, by definition, suffered an Article III injury.

Defendants' standing arguments should be rejected.

## IV. Contributory negligence does not bar summary judgment in favor of the groundwater class.

Defendants dedicate one paragraph to the notion that summary judgment as to the groundwater class is inappropriate because Dr. Burris's trespass claim is "barred by contributory negligence." Opp. at 8. This argument fails for multiple reasons.

First, contributory negligence is not a defense to Plaintiffs' trespass claim. North Carolina courts have long held that "[c]ontributory negligence is no defense to an intentional tort." *Jenkins v. N. Carolina Dep't of Motor Vehicles*, 244 N.C. 560, 564 (1956) (citations omitted). Defendants' trespass here was intentional, as this Court found in *Dew, see* 2025 WL 1174727, at *5 (finding no issue of material fact on Defendants' intent to trespass), and as Defendants here admit, *see* [D.E.

691] at 3 (Defendants admitting that it is "[u]ndisputed" that they "have intentionally released PFAS from Fayetteville Works since 1980"). Contributory negligence thus will not bar recovery for Defendants' trespass—as to Dr. Burris or any other class members. *See BNT Co. v. Baker Precythe Dev. Co.*, 151 N.C. App. 52, 58–59 (2002) (affirming the trial court's refusal to give the jury a contributory negligence instruction where the plaintiffs contended, and the evidence showed, that the defendant's conduct was intentional); *Youmans v. City of Hendersonville*, 175 N.C. 574, 574 (1918) (declining to apply contributory negligence principles where the injuries were "in the nature of trespass or nuisance"); *Pearce v. Barham*, 271 N.C. 285, 289 (1967) ("It is well settled that contributory negligence, even if admitted by the plaintiff, is no defense to willful or wanton injury." (citation omitted)).

Moreover, as with their prior challenges to the class representatives, Defendants' argument conflates the claim of a class representative with the distinct claims of the class. Even if a jury were to find that Dr. Burris was contributorily negligent by moving into the class area (which, again, would not affect Defendants' trespass liability), the groundwater ***class*** would maintain its legally independent claim for trespass. *Sosna*, 419 U.S. at 399; *Moss*, 471 F.2d at 855. Defendants say nothing about this distinct claim. To the contrary, as explained in Plaintiffs' motion and confirmed by Defendants' admissions, *see* [D.E. 691] at 1–4, the groundwater class is entitled to summary judgment in its favor on Defendants' trespass liability, based on the same law and facts the Court assessed in *Dew*.

## V. Damages should be determined at trial.

In closing, Defendants "recognize that, standing and contributory negligence issues notwithstanding, this evidence would be sufficient to grant summary judgment in Plaintiffs' favors as to liability for historic trespass under this Court's analysis in *Dew*." Opp. at 8. Left with this inevitability, Defendants resort to asking the Court for an award of nominal damages only. *Id.* at 9.

7

The Court should deny this request, as Defendants have not even attempted to carry their burden to show an absence of material facts on the classes' entitlement to damages from Defendants' trespass through PFAS contamination. At trial, Plaintiffs will submit extensive expert testimony—including from Kimberly Gray, Roger Griffith, Robert Michaels, and Bruce Gamble, all of whose testimony the Court has expressly permitted, *see* [D.E. 420] at 24–28, 31–33; [D.E. 649] at 25–28, 41–46—to demonstrate to the jury what remedies and damages are appropriate as to Defendants' trespass.

The Court should grant summary judgment in Plaintiffs' favor on Defendants' trespass liability and rule, as in *Dew*, that the amount of Plaintiffs' damages will be determined at trial. *See Dew*, 2025 WL 1174727, at *5 ("grant[ing] plaintiffs' motion for partial summary judgment on their trespass claim against defendants with any damages beyond nominal damages to be determined at trial").

## CONCLUSION

The Court should grant Plaintiffs' motion for partial summary judgment on trespass liability.

Dated: July 10, 2026

Respectfully submitted,

/s/ *Steven M. Seigel*
Theodore J. Leopold
Leslie Mitchell Kroeger
Rachael Flanagan
**COHEN MILSTEIN SELLERS & TOLL LLP**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
rflanagan@cohenmilstein.com

8

Jay Chaudhuri
N.C. Bar No. 27747
**COHEN MILSTEIN SELLERS & TOLL LLP**
407 North Person St.
Raleigh, NC 27612
(919) 890-0560 Telephone
(919) 890-0567 Facsimile
jchaudhuri@cohenmilstein.com

S. Douglas Bunch
Alison Deich
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave., N.W., Suite 800
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
dbunch@cohenmilstein.com
adeich@cohenmilstein.com

Vineet Bhatia
Allen J. Hernandez
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com
ahernandez@susmangodfrey.com

Stephen Morrissey
Jordan Connors
Steven Seigel
**SUSMAN GODFREY, L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
sseigel@susmangodfrey.com

Neal H. Weinfield
**THE DEDENDUM GROUP**
1956 Cloverdale Ave.
Highland Park, IL 60035

9

(312) 613-0800 Telephone
(847) 478-0800 Facsimile
nhw@dedendumgroup.com

*/s/ Craig D. Schauer*
Craig D. Schauer
N.C. State Bar No. 41571
W. Michael Dowling
N.C. State Bar No. 42790
**DOWLING PLLC**
3801 Lake Boone Trail, Suite 260
Raleigh, NC 27607
Telephone: (919) 529-3351
mike@dowlingfirm.com
cschauer@dowlingfirm.com

***Attorneys for Plaintiffs and the Class***

10

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2026, a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's electronic filing system.

*/s/ Allen J. Hernandez*

11