IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENT NIX, et al., Plaintiffs, v. THE CHEMOURS COMPANY FC, LLC, et al., Defendants. | ) | No. 7:17-CV-189-D |
| ROGER MORTON, et al., Plaintiffs, v. THE CHEMOURS COMPANY, et al., Defendants. | ) | No. 7:17-CV-197-D |
| VICTORIA CAREY, et al., Plaintiffs, v. E.I. DU PONT DE NEMOURS AND COMPANY, et al., Defendants. | ) | No. 7:17-CV-201-D |

**ORDER**

This is a certified class action about drinking water that allegedly contains per- and polyfluoroalkyl substances ("PFAS"). On May 15, 2026, plaintiffs Brent Nix, Victoria Carey, Marie Burris, and the certified class (collectively, "plaintiffs") moved for partial summary

judgment on trespass liability [D.E. 675] against E.I. Du Pont de Nemours and Company ("DuPont") and The Chemours Company, FC, LLC ("Chemours") (collective, "defendants") and filed a memorandum in support [D.E. 676], a statement of material facts [D.E. 677], and an appendix [D.E. 678]. On June 26, 2026, defendants responded in opposition to plaintiffs' motion for partial summary judgment on trespass liability [D.E. 690] and filed a response statement of material facts [D.E. 691]. On July 10, 2026, plaintiffs replied [D.E. 692]. As explained below, the court grants plaintiffs' motion for partial summary judgment on trespass liability.

I.

The class "includes owners and renters of residential property from February 1, 2015 to the present that [are] serviced by a public water utility in Bladen, Brunswick, Cumberland, New Hanover, or Pender Counties, drawing water from the Cape Fear River downstream of Fayetteville Works, or that receives drinking water from a groundwater source with quantifiable concentrations of Fayetteville Works PFAS." Pls.' Statement of Material Facts as to Pls.' Mot. for Partial Summary Judgment on Defs.' Trespass Liability ("PSMF") [D.E. 677] ¶ 1; Defs.' Response Statement of Material Facts ("DRSMF") [D.E. 691] ¶ 1. Drinking water provided to the class members from the relevant public water utilities contains PFAS from defendants' Fayetteville Works plant, and approximately 11,844 private wells are contaminated with PFAS from Fayetteville Works. See PSMF ¶¶ 3–4; DRSMF ¶¶ 3–4. Plaintiffs did not authorize defendants' to discharge PFAS from Fayetteville Works onto their properties. See PSMF ¶ 5; DRSMF ¶ 5.[1]

---

[1] Defendants dispute whether class representative Burris consented to the discharge of PFAS when, after joining the litigation, she moved out of the class area and then moved back to it. See DRSMF ¶ 5. But that argument does not affect trespass liability. Defendants do not dispute that Burris resided in the area and that Fayetteville Works PFAS contaminated her property during the relevant period. Cf. id. at ¶¶ 1, 5. Contributory negligence is no defense to an intentional tort under North Carolina law. Jenkins v. N.C. Dep't of Motor Vehicles, 244 N.C. 560, 564, 94 S.E.2d 577, 581 (1956).

Defendants have intentionally discharged PFAS from Fayetteville Works since 1980. See PSMF ¶ 6; DRSMF ¶ 6.

II.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

Plaintiffs' trespass claim arises under North Carolina law. This court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Plyler v. Cox, 145 F.4th 501, 512 (4th Cir. 2025); Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from the Supreme Court of North Carolina, this court "may consider lower court opinions[,] . . . treatises, and the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation omitted).[2] A federal court, however, "should not create or expand a [s]tate's public policy." Time Warner Ent.-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the highest court of a state would address an issue, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted).

Under North Carolina law, trespass is "a wrongful invasion of the possession of another." Singleton v. Haywood Elec. Membership Corp., 357 N.C. 623, 627, 588 S.E.2d 871, 874 (2003); State ex rel. Bruton v. Flying 'W' Enters., Inc., 273 N.C. 399, 415, 160 S.E.2d 482, 493 (1968); see Elec. World, Inc. v. Barefoot, 153 N.C. App. 387, 393, 570 S.E.2d 225, 230 (2002); cf. Matthews v. Forrest, 235 N.C. 281, 283, 69 S.E.2d 553, 555 (1952) ("The essence of a trespass to [real property] is the disturbance of possession."). A claim of trespass to real property requires "(1) possession of the property by plaintiff when the alleged trespass was committed; (2) an

[2] North Carolina does not have a mechanism to certify questions of state law to its Supreme Court. See Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

unauthorized entry by defendant; and (3) damage to plaintiff." Singleton, 357 N.C. at 627, 588 S.E.2d at 874; Fordham v. Eason, 351 N.C. 151, 153, 521 S.E.2d 701, 703 (1999); see, e.g., Elec. World, Inc., 153 N.C. App. at 393, 570 S.E.2d at 230; Jordan v. Foust Oil Co., 116 N.C. App. 155, 166, 447 S.E.2d 491, 498 (1994). Trespass does "not include actual damage as an essential element." Hawkins v. Hawkins, 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991), aff'd, 331 N.C. 743, 417 S.E.2d 447 (1992). "[I]n a successful claim for wrongful trespass the plaintiff is entitled to nominal damages at least." Suggs v. Carroll, 76 N.C. App. 420, 425, 333 S.E.2d 510, 513 (1985).

Plaintiffs also must demonstrate that defendants acted with intent. See Rudd v. Electrolux Corp., 982 F. Supp. 355, 370 (M.D.N.C. 1997); Schloss v. Hallman, 255 N.C. 686, 691, 122 S.E.2d 513, 517 (1961). "There is no liability for the unintentional invasion of the lands of another unless the invasion is caused by negligent, reckless or ultrahazardous conduct." Wright v. Masonite Corp., 237 F. Supp. 129, 138 (M.D.N.C. 1965), aff'd, 368 F.2d 661 (4th Cir. 1966). Intent "does not, however, require that such entry be wilful [sic]." York Indus. Ctr., Inc. v. Mich. Mut. Liab. Co., 271 N.C. 158, 163, 155 S.E.2d 501, 506 (1967). Rather, the intent required for trespass "is not an intent to do injury, but merely an intent to go upon the land of another." Rudd, 982 F. Supp. at 370. A defendant may be liable for trespass even when it did not realize that it entered another person's land. See, e.g., York Indus. Center, Inc, 271 N.C. at 164–65, 155 S.E.2d at 506–07. The Supreme Court of North Carolina has held that intangible invasions, such as from "minute and invisible particles of silicon dioxide," give rise to an action for trespass. Hall v. De Weld Mica Corp., 244 N.C. 182, 184, 93 S.E.2d 56, 57 (1956).

Plaintiffs are entitled to partial summary judgment on trespass liability. Plaintiffs possessed their properties when the trespass occurred. See PSMF ¶ 1; DRSMF ¶ 1. Defendants

intentionally discharged Fayetteville Works PFAS onto plaintiffs' properties without authorization. See PSMF ¶¶ 3–6; DRSMF ¶¶ 3–6. Those facts entitle plaintiffs to at least nominal damages. See, e.g., Dew, 2025 WL 1174727, at *5 (collecting cases).

In opposition, defendants concede that the court's analysis in Dew v. E.I. du Pont de Nemours and Co., No. 5:18-CV-73, 2025 WL 1174727, at *3–8 (E.D.N.C. Mar. 31, 2025) (unpublished), "would compel liability for certain historic trespasses of FW PFAS." [D.E. 690] 1–2. Defendants argue that the class should be decertified. See [D.E. 690] 2–4. Defendants also argue that the class representatives lack standing to bring forward-looking trespass claims. See id. at 4–6. The court need not address defendants' decertification and forward-looking damages arguments in ruling on trespass liability. Defendants' standing and decertification arguments concern the availability of certain damages. Plaintiffs move for summary judgment on liability. That plaintiffs (including the class representatives) owned or rented property which defendants intentionally contaminated with PFAS from Fayetteville Works between February 1, 2015, and the present entitles them to partial summary judgment on trespass liability. Cf. PSMF ¶ 1; DRSMF ¶ 1. The court will decide the parties' other motions in due course.

III.

In sum, the court GRANTS plaintiffs' motion for partial summary judgment on trespass liability [D.E. 675].

SO ORDERED. This 24 day of August, 2026.

J. Dever
JAMES C. DEVER III
United States District Judge